**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-3845

———————

KAREEM HASSAN MILLHOUSE,
Appellant,
v.

JESSICA SAGE; HOLTZAPLE; WARDEN LEWISBURG USP; MINK;
O'SHANNESSY; FEDERAL BUREAU OF PRISONS; UNITED STATES

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. Action No. 14-cv-01055)
District Judge: Honorable Sylvia H. Rambo

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2016

Before: AMBRO, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 11, 2016)

———————

OPINION[*]

———————

PER CURIAM

Kareem Hassan Millhouse, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order

of the United States District Court for the Middle District of Pennsylvania denying his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP").  For the reasons that follow, we vacate the judgment of the District Court and remand for further proceedings.

In 2014, Millhouse filed a civil rights action in District Court against the Federal Bureau of Prisons and prison employees claiming the denial of mental health treatment. Millhouse sought to proceed IFP.  The District Court denied the IFP motion on the grounds that Millhouse has "three strikes" under the Prison Litigation Reform Act and he had not shown that he was under imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g).  The District Court dismissed the complaint without prejudice to refiling if Millhouse paid the court filing fee and denied Millhouse's subsequent motion for reconsideration.  Millhouse did not pay the fee and filed the present appeal.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  Our standard of review is plenary.  <u>Gibbs v. Roman</u>, 116 F.3d 83, 85 (3d Cir. 1997), <u>overruled on other grounds by</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

The "three strikes" rule prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Millhouse argues on appeal that he

---

[1]We allowed Millhouse to proceed IFP on appeal because, contrary to the District Court's decision, it did not appear that he has three strikes for purposes of § 1915(g).

satisfies the imminent danger exception, but he must have three strikes before that question is presented.

We have held that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). We reasoned in Byrd that the Prison Litigation Reform Act's purpose is best served by an approach that does not open the door to more litigation surrounding § 1915(g). Id. We declined to adopt an approach allowing courts to consider the nature of a dismissal and determine whether the dismissal fits within the language of § 1915(g). Id.

Appellees argue in their brief that the District Court did not err in denying Millhouse's motion to proceed IFP because Millhouse has three strikes and is not in imminent danger of serious physical harm. Appellees contend, and the District Court found below, that the dismissal of Millhouse's complaint in Milhouse v. Bledsoe, M.D. Pa. Civ. No. 10-cv-00053, counts as a strike.[2] We agree. The District Court's decision in that case reflects that the District Court granted the defendants' motion to dismiss the

---

[2] Millhouse has spelled his last name "Milhouse" in court filings. Prison records reflect the spelling "Millhouse."

complaint pursuant to Rule 12(b)(6) for failure to state a claim. The dismissal satisfies both categories of the rule in Byrd.

We disagree, however, with Appellees and the District Court that our dismissal of Millhouse's appeal in Millhouse v. Levi, C.A. No. 07-4048, counts as a strike. Our opinion reflects that we dismissed this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it lacked "legal merit." We held in Byrd that the dismissal of an appeal under § 1915(e)(2)(B) because it was "without merit" does not count as a strike because it does not satisfy either category of our rule. Byrd, 715 F.3d at 126–27. Similarly, the dismissal at issue here does not count as a strike because the terms "frivolous," "malicious," or "fails to state a claim" were not used to dismiss the appeal in its entirety, and § 1915(e)(2)(B) is not limited to dismissals on these bases. See id. As noted above, we may not consider the nature of the dismissal and whether it fits § 1915(g).

Appellees also contend that a District Court dismissal of Millhouse's complaint in Milhouse v. Arbasak, E.D. Pa. Civ. No. 07-cv-01442, counts as a strike. We disagree. The defendants in that case moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) and, in the alternative, for summary judgment. The District Court granted the defendants' motion. The District Court ruled that Millhouse had not exhausted his administrative remedies for some of his claims and dismissed these claims without prejudice. The District Court dismissed Millhouse's exhausted claims with prejudice,

4

stating that his claims failed as a matter of law and/or that his allegations failed to state a claim for relief.

A "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). In the case relied upon by Appellees, the District Court did not explicitly conclude that the complaint revealed the exhaustion defense on its face. The Court looked at the evidence submitted by both parties and ruled that the record contradicted Millhouse's allegation that he was precluded from pursuing his remedies. It also did not explicitly dismiss the unexhausted part of the complaint for failure to state a claim. The Court granted the defendants' motion—which was brought pursuant to Rules 12(b)(1) and 12(b)(6) and sought, in the alternative, summary judgment—without saying which of these grounds formed the basis for its decision. As a result, we conclude that this case does not satisfy the rule in Ball for counting as a strike a dismissal for failure to exhaust. It is thus unnecessary to consider Appellees' additional argument that a dismissal without prejudice (as opposed to with prejudice) for failure to exhaust counts as a strike, although

we note that Appellees' position appears to be in conflict with Ball.  See Ball, 726 F.3d at 460 n.17.[3]

The District Court relied on decisions in other actions and appeals brought by Millhouse in finding that he has three strikes, but these cases do not qualify as strikes. See Millhouse v. Arbasak, C.A. Nos. 09-2709 and 09-2858 (summarily affirming decision below); Milhouse v. Levi, E.D. Pa. Civ. No. 09-cv-05363 (granting summary judgment on unexhausted claims and dismissing exhausted claim for failure to state a claim); Milhouse v. Jordan, M.D. Pa. Civ. No. 09-cv-1365 (granting motion for summary judgment).  Appellees do not argue otherwise.

Because Millhouse does not have three strikes for purposes of § 1915(g), he was not required to show that he was under imminent danger of serious physical injury in order to proceed IFP in District Court.  Accordingly, we vacate the judgment of the District Court and remand for further proceedings.

---

[3] The dismissal of the exhausted claims does not bear on our analysis.  In order for a strike to accrue, a case must be dismissed in its entirety for one of the enumerated grounds.  See Byrd, 715 F.3d at 126.  The failure of the unexhausted claims to fall within one of those grounds is therefore dispositive.  Additionally, we disagree with any contention by Appellees that our decision in Millhouse v. Arbasak, C.A. Nos. 09-2709 and 09-2858, summarily affirming the District Court's order, supports the conclusion that the District Court's dismissal counts as a strike because we characterized the order as a Rule 12(b)(6) dismissal.  The question whether the dismissal counted as a strike was not before us.