OPINION OF THE COURT
COWEN, Circuit Judge.
Plaintiff Kareem Hassan Millhouse, a prisoner at USP Lewisburg, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his motion to proceed in forma pauperis (“IFP”).
Initially, this Court must decide whether Millhouse is eligible for IFP status on appeal under the Prison Litigation Reform Act (“PLRA”). We conclude that *154 he is eligible, and, accordingly, we grant his motion to proceed IFP on appeal. For purposes of this appeal, Millhouse has only one strike. The Court must look to the date the notice of appeal is filed—and not the date that the Court rules on a prisoner’s motion to proceed IFP—in assessing whether a particular dismissal counts as a strike. In short, strikes that accrue before the filing of the notice of appeal count— while strikes that accrue after the notice of appeal is filed do not. While the Bledsoe strike accrued before the filing of Mill-house’s notice of appeal, both Doe and Heath II were decided after Millhouse filed his notice of appeal. However, even if we were to count Doe and Heath II (which we do not), Millhouse would still only have two strikes, i.e., Bledsoe and Doe. Because the District Court explicitly and correctly concluded that Millhouse’s complaint revealed an immunity defense on its face and dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Doe qualifies as a strike. But we also conclude that a dismissal without prejudice for failure to state a claim does not rise to the level of a strike. Accordingly, Heath II does not qualify as a strike.
Turning to the merits of the underlying decision by the District Court, we will vacate the District Court’s, order and remand for further proceedings.
I.
On August 22, 2014, Millhouse filed a pro se complaint against several prison employees, alleging constitutional violations under the Bivens doctrine. In a May 5, 2015 order, the District Court denied Millhouse’s motion for. leave to proceed IFP, dismissed his complaint under 28 U.S.C. § 1915(g) without prejudice to refiling if Millhouse submits the full filing fee, and denied his motion for leave to amend (as well as his motion for a preliminary injunction and for leave to add exhibits). In its accompanying memorandum, the District Court identified five,.strikes pursuant to § 1915(g) and found that Millhouse failed to establish that he was under imminent danger of serious physical injury.
Acting pro se, Millhouse filed a notice of appeal on May 19, 2015. On june 15, 2015, he moved to proceed with this appeal IFP. On November 6, 2015, we stayed the instant case pending Millhouse v. Sage, C.A. No. 14-3845, another appeal filed by Mill-house. On February 11, 2016, the Court issued its opinion in Sage. In this disposition, we. determined that only one of the putative strikes- cited by the District Court actually qualifies as a strike: Milhouse v. Bledsoe, No. 10-cv-0053, 2010 WL 3940853 (M.D. Pa. Oct. 6, 2010).[1] See Millhouse v. Sage, 639 Fed.Appx. 792, 792-95 (3d Cir. 2016) (per curiam).
While this appeal was stayed, the District Court considered two other pro se actions filed by Millhouse: Milhouse v. Heath, No. 15-cv-00468 (M.D. Pa.) (“Heath II”), and Milhouse v. Doe, No. 16-cv-00146 (M.D. Pa.).
In his Heath II ■ complaint (filed on March 9, 2015), Millhouse claimed that prison officials violated the Eighth Amendment by housing him with another inmate who posed a risk of danger to him. In an October 27, 2015 order, the District Court stated that Millhouse’s motion to proceed IFP (construed as a motion to proceed without full prepayment of the filing fee) “is GRANTED,” “Miihouse’s complaint is DISMISSED without prejudice for failure to state, a claim upon which relief may be *155 granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),” “[t]he Clerk of Court shall CLOSE this case,” and “[a]ny appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.” Milhouse v. Heath, No. 15-cv-00468, 2015 WL 6501461, at *5 (M.D. Pa. Oct. 27, 2015). In its accompanying memorandum, the District Court explained that Millhouse did not allege any facts from which it could be found that he was injured by his cellmate. “While Milhouse may assert that he is in danger because -of the dangerous nature of his cellmate, this type of danger is speculative and not a basis for relief.” Id. at *4. According to the District Court, Millhouse also had no constitutional right to choose his place of confinement or his cellmate. Given Millhouse’s failure to set forth any factual allegations giving rise to cognizable claims, “it is impossible to conclude that defendants have deprived Milhouse of any constitutional rights entitling him to monetary damages, and as stated above Milhouse has no entitlement to injunctive relief in the form of a transfer out of the federal prison system.” Id. “As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Milhouse fails to state a claim against the defendants upon which relief may be granted.” Id. The District Court further explained'-in its memorandum that the complaint would be dismissed without leave to amend as it would be inequitable - and futile to grant Mill-house the opportunity to do so.
On January 27, 2016, 'Millhouse filed his complaint in Doe against three unidentified Third Circuit judges. According to Millhouse, a Third Circuit opinion falsely asserted that he had confessed to committing a crime, and this opinion was accessed by other inmates on a law library computer, who then harassed and assaulted Mill-house. In a February 24, 2016 order, the District Court stated that Millhouse’s motion to proceed IFP (again construed as a motion to: proceed without full prepayment of the filing fee)- “is GRANTED,” “Mil-house’s- complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § m5(e)(2)(B)(i%)? “[t]he Clerk of Court shall CLOSE this case,” and “[a]ny appeal from this order will' be deemed frivolous, not taken in good faith and lacking probable cause.” (A285.) In a footnote, the District Court explained that Millhouse “has only named defendants who have absolute immunity” and that it would be inequitable to grant him an opportunity to file an amended complaint against those defendants. (A285 n.l.) According to :the District Court’s memorandum, the judges were entitled to absolute, immunity .from monetary -damages because Millhouse’s claims were based on actions taken in the exercise of their official duties. Noting that Millhouse appeared to claim he was in danger of future assaults and sought a transfer out of the federal prison system, the District Court also concluded that he clearly failed to state a cognizable .claim. Millhouse did not allege any facts indicating that prison officials, failed to protect him, and he also did not name any prison officials as defendants in his complaint. A prisoner, in turn, has no justifiable expectation that he will be. incarcerated in a particular facility. “While there is no indication that Milhouse initiated this lawsuit with malicious intentions, the complaint is suitable for summary dismissal under the in forma pauperis statute because it fails to articulate an arguable factual or legal basis under federal law.” Milhouse v. Doe, No. 16-cv-00146, 2016 WL 727619, at *4 (M.D. Pa. Feb. 24, 2016). Acknowledging the general principle that failure to state a claim under the Federal Rules of Civil Procedure is not tantamount to legal frivolity pursuant to § 1915(g), the District *156 Court found that “[t]he fatal .defect in this complaint is not merely that it fails to state a claim under' Bivens, but that it describes neither conduct nor injury that implicates the Constitution or other federal law.” Id. It insisted that service of process would thereby represent a waste of scarce judicial resources.
The stay of this appeal was lifted on April 5, 2016, Subsequently, the motion to proceed IFP was referred to a merits panel, and the Court indicated that it would benefit from the appointment of counsel to address the following issues:
(1) whether the dismissal in [Heath II] qualifies as a strike for purposes of 28 U.S.C. § 1915(g); compare McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) (cited in Ball v. Famiglio, 726 F.3d 448, 460 n.17 (3d Cir. 2013)), with Orr v. Clements, 688 F.3d 463, 465 (8th Cir. 2012); (2) whether the dismissal in [Doe] qualifies as a strike; see Ball, 726 F.3d at 460-63; (3) if these dismissals qualify as strikes, whether their timing precludes Appellant from proceeding in forma pauperis in this appeal; (4) if this Court decides that Appellant has three strikes, whether he is under imminent danger of serious physical injury for purposes of § 1915(g); and (5) if this Court decides that Appellant qualifies for in forma pauperis status on appeal, whether the District Court’s decision on appeal should be vacated.
(A18-A19.)[2] Millhouse did not object, and Stephen A.. Fogdall, Esq., and Emily J. Hanlon, Esq. were appointed as his pro bono counsel.[3]
II.
The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We possess appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review with respect to the proper interpretation of the PLRA and its three strikes rule. See, e.g., Ball, 726 F.3d at 455 n.11.
III.
28 U.S.C. § 1915(g) limits a prisoner’s ability to obtain IFP status:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that 'was dismissed on the grounds that it is frivolous, malicious, or fails to' state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
In Byrd v. Shannon, 715 F.3d 117 (3d Cir. 2013), we set forth our general approach for deciding what constitutes a strike under this provision of the PLRA:
Thus, we adopt the following rule: a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is “frivolous,” “malicious,” or “fails to state a claim” or (2) dismissed pursuant to a statutory provision or rule that is limited solely to- dismissals, for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(l), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule *157 12(b)(6) of the Federal Rules of Civil Procedure.
Id. at 126.
“The ‘three strikes’ provision was ‘designed to filter out the bad claims and facilitate consideration of the good.’ ” Coleman v. Tollefson, — U.S. —, 135 S.Ct. 1759, 1764, 191 L.Ed.2d 803 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)); see also, e.g., Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc) (noting that Congress enacted PLRA to limit filing of frivolous and vexatious prisoner lawsuits). Partially abrogating our ruling in Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013) (in which we held, inter alia, that a strike does not accrue until the dismissal has been affirmed on appeal or the opportunity to appeal has otherwise passed, id. at 464-65), the Supreme Court concluded that the refusal to treat a prior dismissal as a strike because of a pending appeal (at least where the prisoner is not seeking to appeal from a “third-strike trial-court dismissal”) would result in “a leaky filter,” Coleman, 135 S.Ct. at 1764-65. While the statutory scheme thereby seeks to reduce the likelihood of frivolous lawsuits (while improving the quality of the remaining prisoner actions), it would run counter to the PLRA’s goals if our approach “will inevitably lead to more, and perhaps unnecessary, litigation on whether or not a particular dismissal constitutes a strike.” Byrd, 715 F.3d at 126. Accordingly, the Byrd Court adopted a bright-line rule for this determination. Id. We did so while recognizing that, “[i]f courts are.permitted to consider the nature of the dismissal and determine whether the dismissal fits within the language of § '1915(g), then there is less likelihood that a dismissal intended as a strike will slip through the cracks created by a categorical rule that bars courts from undertaking such an examination.” Id.
A. Strikes and the Notice of Appeal
It is undisputed that, while Millhouse filed his notice of appeal on May 19, 2015 (and his IFP motion on June 15, 2015), his second and third putative strikes—Heath II and Doe—accrued on October 27, 2015 and February 24, 2016. On November 6, 2015, this appeal was stayed pending our disposition in Sage. Sage was decided on February 11,:2016, and this Court lifted its stay on April 5, 2016. Millhouse’s motion for leave to proceed with his appeal IFP still remains pending. According to Appel-lee,s and Judge Ambro’s partial dissent and concurrence, these dismissals count as strikes for purposes of this appeal because they both, accrued before this Court had granted the IFP motion. Unlike Appellees, Judge Ambro believes that we should then equitably toll these two strikes, and he accordingly would grant Millhouse IFP status. However, we must look to the date the notice of appeal is filed—and not the date that we grant a prisoner’s motion to proceed IFP—in assessing whether a particular dismissal counts as a strike. Strikes that accrue before the filing of the notice of appeal count as strikes—while strikes that accrue after the notice of appeal is filed do not. Because the second and third putative strikes accrued after Millhouse filed his notice of appeal, they could not count as strikes for purposes of this appeal.
We begin, as we must, with the statutory language. See, e.g., Abdul-Akbar, 239 F.3d at 313 (“ ‘Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.’ ” (quoting Negonsott v. Samuels, 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993))). Under the plain language of the PLRA, it is the filing of the notice of appeal that “triggers” the *158 three strikes rule. ■ Specifically, § 1915(g) provides that a prisoner shall in no event “bring a civil action or appeal a judgment in a civil action or proceeding” under this section if the prisoner has, “on 3 or more prior occasions,” brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This language indicates that a prisoner like Millhouse cannot “appeal a judgment in a civil action or proceeding” under the IFP statute if he or she has accrued strikes “on 3 or more prior occasions.” In other words, these strikes must have accrued “prior” to the “appeal [of] a judgment in a civil action or proceeding.” A prisoner (or any other litigant) “áp-peal[s] a. judgment in a civil action or proceeding” by filing a notice óf appeal. Federal Rule of Appellate Procedure 3(a)(1) specifies that “[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.” In general, “the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from” (or “within 60 days” if one of the parties is the United States, a United States agency, a United States officer or employee sued in an official capacity, or a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States). Fed. R. App. P. 4(a)(1); see also, e.g., Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ,(“[T]he timely filing of .a notice of appeal in a civil case is a jurisdictional requirement.”). As Millhouse aptly explains, “[i]t follows that a prisoner may not ‘appeal a judgment in a civil action or proceeding’ in forma pcm-peris if the prisoner has accrued 3-strikes prior to filing the notice of appeal.”[4] (Appellant’s Reply Brief at 4.)
None of the cases cited by Appel-lees (or the partial dissent and concurrence) actually considered the meaning of § 1915(g) and its “appeal a judgment in a civil action or proceeding” language. Accordingly, they did not resolve the specific question of whether we should look to the date of filing of the notice of appeal or the date that we rule on a prisoner’s IFP' motion in assessing whether a dismissal counts as a strike. 28 U.S.C. § 1915(a)(1) provides that “any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.” Relying on this provision, we have indicated that, when a litigant submits a complaint with an IFP motion, the complaint is duly filed after *159 the motion to proceed IFP is granted. Urrutia v. Harrisburg Cnty. Police Dep’t, 91 F.3d 451, 458 & nn.12-13 (3d Cir. 1996). “Thus, submitting an in forma pauperis complaint to the clerk does not result in commencement of the litigation.” Id. at 458 n.13; see also Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir. 1998) (“His complaint was filed, and his action was ‘brought’ when his motion to proceed in forma pauperis was granted.” (citing Urrutia, 91 F.3d at 458; Oatess v. Sobolevitch, 914 F,2d 428, 430 n.1 (3d Cir. 1990))); Oatess, 914 F.2d at 429 n.1 (“When a complaint is accompanied by a motion to proceed in forma pauperis, rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted.”). However, “[w]e determined [in Urrutia] that, even though the limitations period ran out, ‘[t]his was not. [his] fault[: h]e submitted his in forma pauperis complaint a full two months before the statute of limitations was due to expire.’ ” (Partial Dissent & Concurrence at 168 (quoting Urrutia, 91 F.3d at 458).) “Because of ‘the delay in making a § 1915(d) determination ... we [held] that, once a plaintiff submits an in forma pauperis complaint,’ the statute of limitations would be equitably tolled until the court grants the IFP application.”[5] (Id. (quoting Urrutia, 91 F.3d at 459).)
In contrast, this Court has, at least implicitly, indicated that we must look to the filing of the notice of appeal as the proverbial trigger for deciding whether dismissals count as strikes. Tallying the plaintiffs strikes, we observed in Ball that, out of the ten purported strikes, three of the dismissals did not count as strikes because they were not final “when Ball filed the appeals before us now.”[6] Ball, 726 F.3d at 465. “Three others do not count as strikes for present purposes because the actions were dismissed after these appeals were filed.” Id. at 466 (footnote omitted). This Court had not yet ruled on Ball’s IFP motion; in fact, the Ball Court had to decide whether or not to grant her motion. See, e.g., id. at 451. We thereby clearly meant that the discounted dismissals occurred after Ball filed his notices of appeal. While we did not specifically discuss the issue now before us (and went on to conclude that Ball had three strikes at the time she commenced her appeals; id. at 466), ■ Ball’s tallying of strikes clearly weighs in Mill-house’s favor.
According to Appellees and Judge Am-bro’s partial dissent and concurrence, the term “bring” under § 1915(g) refers to the time when an IFP motion is granted. However, § 1915(g) distinguishes between “bring[ing] a civil action,” on the one hand, and “appealing] a judgment in a civil action or proceeding,” on the other hand. “The word ‘appeal’ does occur as the object. of the verb ‘brought’ later in Section 1915(g), in reference to a prisoner having ‘brought an action or appeal’ on 3 prior occasions and accrued strikes as a result” *160 (Appellant’s Reply Brief at 4 n,3). In O’Neal v. Price, 531 F.3d 1146 (9th Cir. 2008), the Ninth Circuit (in • a majority opinion) rejected the theory that the prisoner’s prior actions were not “brought” under this subsequent language (and thereby could not constitute strikes under § 1915(g)) “because he merely filed applications for in forma pauperis status which were subsequently denied,” id. at 1151. Significantly, it concluded that “a plaintiff has ‘brought’ an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court.” Id. at 1152. Furthermore, this Court (sitting en banc) recognized that “the word ‘bring' in this context plainly refers to the time when the civil action is initiated.” Abdul-Akbar, 239 F.3d at 313 (citing Gibbs, 160 F.3d at 162). The courts thereby must consider if the prisoner is under imminent danger at the time the complaint is filed (as opposed to the time of the alleged incident). Id. at 313-15. Likewise, the Fifth Circuit explained that “we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP.” Banos v. O’Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam) (emphasis in original). .
We believe that our approach is consistent with both legislative intent and basic principles of fairness. Congress enacted the PLRA “to limit the filing of frivolous and vexatious prisoner lawsuits,” Abdul-Akbar, 239 F.3d at 314, and the Supreme Court has indicated that § 1915(g) did not create a “leaky filter,” Coleman, 135 S.Ct. at 1764. Nevertheless, we find nothing to suggest that Congress designed the statutory scheme to penalize prisoners for “the delay inherent” in the process of disposing of their IFP motions, Urrutia, 91 F.3d at 458 n.13. After all, the disposition of an IFP motion is often “a time-consuming process” that is, in large part, outside of the control of the pro se litigant. Id. At the very least, the Court does need time to make an indigency determination and to screen the prisoner’s filing history for strikes. In turn, IFP motions should not be treated differently based on how quickly this Court may dispose of them. “To hold otherwise would ... mean that similar in forma pauperis [motions] would be treated differently on the basis of how quickly [the Court] acted on them.” Id. at 459. In fact, the partial dissent and concurrence acknowledges that it would be overly prejudicial to bar Millhouse access to this Court given the present circumstances. “Mill-house filed a notice of appeal and an IFP request in May and June 2015, respectively; the Clerk’s Office took no action on the IFP request until it stayed the case five months later in November 2015 (pending the resolution of Sage); and [according to Judge Ambro] two strikes accrued during the Court’s- delay and mandated stay of the proceedings.” (Partial Dissent & Concurrence at 168.) In other words, the purported second and third strikes “only accrued for the purposes of this appeal due to our Court’s delay.”[7] (Id.)
Based on our ruling in Urrutia, the partial dissent and concurrence proceeded to “equitably consider the date of commencement for three-strikes purposes as June 15 (when Millhouse filed his IFP request) due to our Court’s delay.” (Id. at 168.) Howev *161 er, we question whether the equitable tolling doctrine (or similar concepts) could apply in this context. This appeal (unlike Urrutia) does not really implicate a statute of limitations- or some.-sort of time limit that may be “tolled.” It is also, at the very least, questionable whether it is proper, on the one hand, to interpret the PLRA so that strikes accrued after the filing of the notice of appeal but before the Court grants the IFP motion generally trigger the three strikes rule while, on the other hand, concluding that these strikes do not “really count” based on our own assessment of the specific circumstances of the proceeding. (See Oral Argument Transcript at 39-40 (“It could be an argument for equitable tolling. But equitable tolling, under 1915, where Congress has stated that in no, in no case should an appeal proceed without the court authbrizing commencement, that says to me that equitable tolling- shouldn’t apply in that situation....) (Counsel for Appellees).) Instead, we read the statutory scheme—given the statutory language, existing case law, the purposes of the legislation, and basic considerations of fairness—as requiring us to look to the date the notice of appeal is filed in assessing whether a dismissal counts as a strike. Strikes accrued after this date simply do not count under § 1915(g).
Because the second and third putative strikes accrued after Millhouse filed his notice of appeal, they could not count as strikes for purposes of this appeal. Mill-house has only one strike and is eligible for IFP status on appeal.,
B. Heath II and Doe
Even if we were to count Doe and Heath II (which we do not), Millhouse would still only have two strikes—Bledsoe and Doe. Accordingly, he is still eligible for IFP status on appeal. In Sage, we determined that Bledsoe (which accrued before the filing of his notice of appeal) qualifies as a strike. Sage, 639 Fed,Appx. at 793-94. Because the District Court explicitly and correctly concluded that the complaint revealed an immunity defense on its face and dismissed with prejudice, for failure to state a claim upon which relief may be granted, pursuant to § 1915(e)(2)(B)(ii), Doe also qualifies as a strike. However, we adopt the Fourth Circuit’s approach in which a dismissal without prejudice for failure to state a claim.does not rise.to the level of a strike. Under this rule, Heath II thereby does not qualify as a strike.
. Under § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if it determines that the .action “fails to state a claim on which relief may be granted.” In Ball, we held that a dismissal based on immunity does not constitute a strike, unless the district court “explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses [with prejudice] the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness.” Ball, 726 F.3d at 463 & n.20. Ball, however,' did not address a dismissal under § 1915(e)(2)(B)(ii). We now apply Ball to a complaint dismissed based on immunity under § 1915(e)(2)(B)(ii). As in Ball, such a dismissal is a strike only if the dismissal is with prejudice and the “court explicitly and correctly concludes that the complaint reveals the immunity defense on its face.” Id. at 463. Millhouse asserts that Doe “was not ‘correct,’ and that under a liberal pleading standard he should have the opportunity to amend his complaint to include non-immune defendants” (specifically the prison officials-who allegedly allowed inmates to access the Third Circuit opinion on the law library’s computers). (Partial Dissent & Concurrence at 167.) Purportedly, “you cannot ascertain from the face of the dismissal whether the dis *162 trict court evaluated if the pleading could be amended to state a claim against non-immune defendants.” (Oral- Argument Transcript at 20 (Counsel for Appellant).) In Doe, the District Court “explicitly” dismissed with prejudice Millhouse’s complaint for “‘failure] .to state a claim’” pursuant to “a statutory provision or rule that is limited" solely to dismissals for [such a reason],” namely, § 1915(e)(2)(B)(ii). Byrd, 715 F.3d at 126. It did so because it “explicitly and correctly concluded] that the complaint reveals the immunity defense on its face.” Ball, 726 F.3d at 463 (footnote omitted). The three unídentifiéd Third Circuit judges (the only persons to be named as defendants in the complaint) were entitled to absolute judicial immunity from monetary damages. The District Court further explained that Millhouse failed to state a cognizable claim with respect to his additional request for injunc-tive relief (i.e., a transfer out of the federal prison system). According to the District Court’, it would be inequitable to grant him an opportunity to file an amended complaint. Noting that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison, the District Court went on to explain that “[t]he complaint clearly fails to state a failure to protect claim.” Doe, 2016 WL 727619, at *3. “Milhouse has not alleged any facts from which it could be concluded that prison officials failed, to protect him.” Id. In fact, the District Court made it clear the complaint did not merely fail to state a claim under Bivens; “it describes neither conduct nor injury that implicates the Constitution or other federal law” (and service of process would thereby constitute a waste of increasingly scarce judicial resources). Id. at *4. “And if Millhouse takes umbrage with the District Court’s decision regarding his leave to amend, the appropriate path is to appeal that decision directly (which he has not done).” (Partial Dissent & Concurrence at 167.)
■ In McLean, the Fourth Circuit’s majority opinion considered at some length the question of “whether a dismissal without prejudice for failure to state a claim counts as a strike under § 1915(g).” McLean, 566 F.3d at 394. It held that “it does not.” Id. Appellees vigorously contest this holding, and, for our part, we agree with Judge Ambro that most circuits have indicated that such dismissals do qualify as strikes. Orr v. Clements, 688 F.3d 463, 465-66 (8th Cir. 2012); Paul v. Marberry, 658 F.3d 702, 704-06 (7th Cir. 2011); Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011); O’Neal, 531 F.3d at 1154-55; Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); see also McLean, 566 F.3d at 402-10 (Shedd, J., concurring in part and dissenting in part). Nevertheless, the Fourth Circuit persuasively disposed of this contrary case law. It noted, for instance, that the Tenth.Circuit offered no analysis for its holding. McLean, 566 F.3d at 398 (addressing Day). In O’Neal, the Ninth Circuit-(in.addition to rejecting the prisoner’s theory that his prior actions were not “brought” by him because he merely filed IFP applications that were subsequently denied) concluded that a dismissal without prejudice may constitute a strike because there is nothing in the plain language of § 1915(g) distinguishing between dismissals with' and dismissals without prejudice. O’Neal, 531 F.3d at 1154. The McLean approach, however, is based on the actual language of the PLRA. “[It] does not read an additional requirement into the statute that was not already implied by Congress’ use of the familiar phrase ‘dismissed ... [for] failure] to state a claim.’ An unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words ‘with prejudice’ to modify such a dismissal is simply not necessary.” Mc *163 Lean, 566 F.3d. at 398-99 (footnote omitted); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002) (noting that PLRA employs language borrowed from Rule 12(b)(6)). The PLRA, although not “a leaky filter;” Coleman, 135 S.Ct. at 1764, also does not use “a meataxe approach” to achieve its goal of stemming the flood of frivolous prisoner litigation and conserving judicial resources, McLean, 566 F.3d at 398.
Furthermore, this Court’s own ruling in Rail clearly weighs in favor of McLean. Even Appellees acknowledge that Ball “held that a dismissal -based on the affirmative defense of failure to exhaust may be a strike when the applicability of the defense is clear from the face of the complaint and the dismissal is with prejudice.” (Appellees’- Brief at 19-20.) The Ball Court adopted the same “with prejudice” requirement with respect to dismissals based on the defendant’s immunity. See Ball, 726 F.3d at 463 n.20. There would appear to be no real difference between a dismissal for failure to state a claim without prejudice and a dismissal of an unex-hausted complaint without prejudice (or a dismissal without prejudice on immunity grounds). In the end, we thereby adopted (and expanded on) the Fourth Circuit’s line of reasoning:
The second part of the rule requires that the dismissal based' on failure • to exhaust, pursuant to Rule 12(b)(6), be with prejudice. “We assume that Congress is aware of existing law when it passes legislation/’ Miles v. Apex Marine Corp., [498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) ], and Congress used the language of Rule 12(b)(6) in the PLRA’s three strikes provision. See 28 U.S.C. § 1915(g) (strike accrues on dismissal of an action -that “fails to state a claim upon which relief may be granted”). A dismissal for failure to state a claim under Rule 12(b)(6)' is presumed to be a judgment on the merits unless otherwise specified. See Federated Dep’t Stores, Inc. v. Moitie, [452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ] ■ (“The dismissal for failure to state a claim-under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.” (citation and internal quotation marks omitted)). “It follows that the type of prior dismissal for failure to state a claim contemplated by § 1915(g) is one that constituted an adjudication on-the merits and prejudiced the filing of a subsequent-complaint with the same allegations.” [McLean, 566 F.3d at 396]. By contrast, a dismissal for failure to exhaust without prejudice is not an adjudication on the merits. See Cooter & Gell v. Hartmarx Corp., [496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ] (“[Dismissal ... without prejudice is a dismissal that does not opér-ale] as an adjudication upon the merits ..” (alterations in original) (citing and quoting Fed. R. Civ.- P. 41(a)(1)) (internal quotation marks omitted)). Consequently, a dismissal for failure to state a claim on exhaustion grounds without prejudice “does not fall within the plain and unambiguous meaning of § 1915(g)’s unqualified phrase “dismissed ... [for] failure] to state a claim’ ” and “does not count as a strike.” McLean, 566 F.3d at 397 (alterations in original). The District Court did not state that any of the dismissals at issue in these appeals were without prejudice, and so they are presumed to be with prejudice, and they “operate[ ] as an adjudication on the merits.” Fed. R. Civ. P. 41(b).
Id. at 460 n.17.
Appellees argue that Heath II constitutes a strike under McLean because the District Court expressly determined *164 that the complaint failed to state a claim upon which relief could be granted, which then acted as an adjudication on the merits when it denied leave to file an amended pleading. (See also Partial Dissent & Concurrence at 166 (concluding that Heath II is strike because, by dismissing without leave to amend, it effectively barred Mill-house from filing subsequent complaint with same allegations).) However, the District Court’s own order expressly dismissed the complaint without prejudice: “Milhouse’s complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).” Heath, 2015 WL 6501461, at *5. Even if the District Court may have inadvertently added this “without prejudice” language, it is not appropriate for us to treat a disposition including such ambiguous (or even contradictory) language as a strike or to undertake a detailed analysis to ascertain what the District Court may have really meant to say. After: all, we adopted in Byrd a bright-line rule in deciding what constitutes a strike. Byrd, 715 F.3d at 126, While this might mean “that a dismissal intended as a strike will slip through the cracks,” the Court will at least limit the likelihood of “more, and perhaps unnecessary, litigation on whether or not a particular dismissal constitutes a strike.” Id. We also note that prisoners, who typically act pro se, are entitled to take dismissals “at face value” and “should not be required to speculate on the grounds the judge could or even should have based the dismissal on.” Paul, 658 F.3d at 706.
C. The District Court’s IFP Ruling
Granting the motion to proceed IFP on appeal, we will vacate the District Court’s denial of Millhouse’s IFP motion and remand for further proceedings. Appellees concede that, should we grant IFP status and reach the merits of the underlying District Court decision, this decision should be vacated. With the exception of Bledsoe, the cases cited by the District Court do not constitute strikes under § -1915(g). See Sage, 639 Fed.Appx. at 793-95. Millhouse had only one strike when he filed his complaint on August 22, 2014 (and when the District Court denied his motion to proceed IFP on May 4, 2015).
IV.
We grant Millhouse’s motion to proceed IFP on appeal. We will vacate the District Court’s order denying his IFP motion and remand for further proceedings consistent with this opinion.

. It appears that Millhouse has spelled his name as "Milhouse.” Although the District Court also used this spelling, his prison records spelled his name as "Millhouse.”

. Because we determine that Millhouse does not have three strikes,, we need not (and do not) decide “whether he is under imminent danger of serious physical injury for purposes of § 1915(g).”

. We express our thanks to Mr. Fogdall and Ms. Hanlon for their excellent work in this matter.

. In fact, we have held that a notice of appeal cannot be rejected merely because the filing fee has not been paid. See, e.g., Lee v. Superintendent Houtzdale SCI, 798 F.3d 159, 164-65 (3d Cir. 2015). If a notice of appeal may not be rejected on the basis that the litigant failed to include the requisite fee, the subsequent grant of an IFP application likewise should not affect the timing of an "appeal [of] a judgment in a civil action or proceeding.” After all, the whole point of IFP status is to allow indigent litigants to appeal "without prepayment of fees.” 28 U.S.C. § 1915(a); see also, e.g., Ball, 726 F.3d at 452 n.1 ("The prisoner is,.still required to pay the costs of her action or appeal, a departure from pre-PLRA practice, see Denton v. Hernandez, [504 U.S. 25, 27, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)], paying an initial partial fee followed by installment payments until the ■ entire fee is paid. 28 U.S.C. § 1915(b)(1).”.).

. Similarly, the issue in Oatess was whether a district court could dismiss a plaintiffs complaint sua sponte for failure to state a claim after the plaintiff was granted IFP status but before service of process occurred. Oatess, 914 F.2d at 429. Addressing an appeal where the IFP motion was actually granted on the same day it was filed, Gibbs considered "the narrow question" of whether § 1915(g) requires the district court to revoke IFP status granted before the enactment of the PLRA. Gibbs, 160 F.3d at 162.

. We again mote that the Supreme Court abrogated BalL in part, generally holding that “a prior dismissal ... counts as a strike even if the dismissal is the subject of an appeal.” Coleman, 135 S.Ct. at 1763. But see id. at 1764-65 (refusing to resolve question of whether plaintiff would have three strikes if he or she were attempting to appeal from dismissal of. third complaint).

. In addition to the concerns of basic fairness articulated above, there is a practical obstacle to Appellees’ position that we should determine eligibility for IFP status on the date the Court rules on a prisoner's motion to proceed IFP. Appellees' position would render such motions extremely time-sensitive. That is, when the Court decides to grant IFP status, we would need to rule on the issue immediately. If there was any lapse between the determination and the ruling, we would have to return to the issue and verify that IFP status was still warranted.