BLD-364                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2252
_____

GABRIEL PITTMAN,
                                        Appellant

v.

PRESIDENT DONALD J. TRUMP;
US ATTORNEY GENERAL JEFF SESSIONS;
AMERICAN CORRECTIONAL ASSOCIATION; C.O. JEFFREY BANKS;
CO CHARLES BRENNAN; CO BRADLEY HERRON; CO WILLIAM SWIRE;
CO PAUL PETERS; CO SHAWN PETERS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00443)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: October 30, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gabriel Pittman, an inmate at Houtzdale State Correctional Institution, sought to file a civil rights complaint in forma pauperis ("ifp") against the President and the Attorney General of the United States, the American Correctional Association, and several correctional officers. He complained about his treatment at another prison, the Mahanoy State Correctional Institution.

The District Court disallowed the filing, concluding that Pittman had "three strikes" under 28 U.S.C. § 1915(g), because, as a prisoner, he had brought three prior actions that had been dismissed as frivolous. The District Court named the following three cases: Pittman v. Martin, E.D. Pa. Civ. No. 13-cv-05632; Pittman v. Pennsylvania General Assembly, E.D. Pa. Civ. No. 14-cv-07022; and Pittman v. President Clinton, M.D. Pa. Civ. No. 15-cv-01793. The District Court further ruled that, because Pittman's allegations related to events in the past at another prison, he did not show the requisite imminent danger of serious physical injury to proceed ifp under the circumstances. See 28 U.S.C. § 1915(g). Pittman appeals.

We have jurisdiction under 28 U.S.C. § 1291. See Keener v. Pa. Bd. of Prob. & Parole, 128 F.3d 143, 144 n.1 (3d Cir. 1997) (per curiam). Our review of the District Court's application of the "three strikes" rule is plenary. See Millhouse v. Heath, 866 F.3d 152, 156 (3d Cir. 2017). Upon review, we will summarily vacate the District

2

Court's order because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Two of Pittman's cases cited by the District Court qualify as strikes, but one does not. Section 1915(g) provides that a prisoner may not bring an appeal ifp if he has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. That means that "[a] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).

The orders dismissing Pittman's complaints in Pittman v. Pennsylvania General Assembly and Pittman v. President Clinton qualify as strikes because they explicitly relied on 28 U.S.C. § 1915(e)(2)(b)(i). See E.D. Pa. Civ. No. 14-cv-07022, order entered Dec. 22, 2014; M.D. Pa. Civ. No. 15-cv-01793, order entered Oct. 21, 2015 (also stating that the action was dismissed as frivolous).

The third order that the District Court cited, the order entered in Pittman v. Martin, was not as specific. It did not dismiss Pittman's complaint as frivolous, as the District Court believed. Instead, the order stated that the action was "dismissed pursuant to 28

3

U.S.C. § 1915(e)." E.D. Civ. No. 13-cv-05632, order entered Oct. 24, 2013. That general order of dismissal does not qualify as a strike. See Byrd, 715 F.3d at 126-27. Furthermore, we have reviewed Pittman's other previous actions and appeals in our records and the nationwide records available through PACER (Public Access to Court Electronic Records), see generally Funk v. Comm'r , 163 F.2d 796, 800-01 (3d Cir. 1947) (providing an overview of the concept of judicial notice), and we have not found another case that qualifies as a strike.

For these reasons, we will vacate the District Court's order disallowing Pittman to file his complaint ifp on the basis that he had accrued "three strikes" under 28 U.S.C. § 1915(g). We will remand this matter to the District Court for further proceedings. On remand, it should determine whether Pittman qualifies for ifp status based on financial considerations. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). If the District Court grants Pittman ifp status, the District Court remains free to determine whether Pittman's complaint is subject to dismissal under any subsection of 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A. We do not, however, express any opinion on the merits of Pittman's complaint.