**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-2723

———————

JAMES L. ROUDABUSH, JR.,
Appellant

v.

LT. BITENER; LT. MARCHANELLO; T. JONES; DET. SANCHEZ; FERME; LT.
LAMPEY; LT. JOHN DOE (Acting); KOEPPEN; GRANT; ALATARY; MILETTO

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1-15-cv-03185)
District Judge: Honorable Renee M. Bumb

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2018
Before: JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 16, 2018)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

James Roudabush, Jr., a federal prisoner proceeding pro se, appeals an order of the United States District Court for the District of New Jersey revoking his in forma pauperis ("IFP") status. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings.

Roudabush filed a complaint in the United States District Court for the District of Columbia against staff at the Federal Correctional Institution in Fort Dix, New Jersey claiming violations of his constitutional rights. Roudabush alleged, among other things, that prison staff were denying him medical treatment. Roudabush moved to proceed IFP, or without pre-payment of the court's filing fees. The District Court transferred the motion and complaint to the United States District Court for the District of New Jersey.

After the transfer, the District Court granted Roudabush IFP status. The District Court found that Roudabush had three strikes for purposes of 28 U.S.C. § 1915(g), but ruled that he had sufficiently pleaded that he was under imminent danger of serious physical injury based on the alleged denial of medical care. The District Court noted that the defendants could challenge Roudabush's contention that he was in imminent danger after service of the complaint. The defendants did so and submitted affidavits and evidence from his medical file. After a hearing, the District Court found that Roudabush was not in imminent danger when he filed his complaint and revoked his IFP status. It

2

also rejected his contention that he did not have three strikes. The District Court denied

Roudabush's subsequent motion to vacate its decision. This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Abdul-Akbar v. McKelvie*,

239 F.3d 307, 311 (3d Cir. 2001) (en banc) ("[A]n order denying leave to proceed I.F.P.

is a final, collateral order appealable under 28 U.S.C. § 1292."). Our standard of review

is plenary. Gibbs v. Cross, 160 F.3d 962, 964 (3d Cir. 1998).

A prisoner may not "bring a civil action or appeal a judgment in a civil action" and

proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal . . . that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g). This provision is known as the "three strikes" rule. Ball v. Famiglio,

726 F.3d 448, 452 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, -- U.S. --,

135 S. Ct. 1759 (2015). A strike accrues under § 1915(g) only if an entire action or

appeal is dismissed explicitly on a ground set forth in § 1915(g) or pursuant to a statutory

provision or rule that is limited solely to dismissals on such grounds. Byrd v. Shannon,

715 F.3d 117, 126 (3d Cir. 2013).

---

[1]The District Court consolidated Roudabush's IFP motion with an IFP motion he had filed in another case, Roudabush v. Reyes, D.N.J. Civ. No. 15-cv-05521. This appeal only concerns the underlying action. Roudabush's appeal in Reyes was dismissed.

The District Court determined that Roudabush had three prior dismissals that qualify as strikes. The District Court relied on the dismissal of Roudabush's complaint in Roudabush v. Johnson, W.D. Va. Civ. No. 05-cv-00691 ("Johnson I"). We agree that this dismissal is a strike under Byrd. The District Court in Johnson I construed Roudabush's habeas petition as a civil rights action over his objection and dismissed the entire action pursuant to 28 U.S.C. § 1915A(b)(1), which provides for dismissal of a complaint that is frivolous, malicious, or fails to state a claim for relief.

The District Court also relied on the dismissal of Roudabush's complaint in Roudabush v. United States, et al., D.N.J. Civ. No. 11-cv-00980. The District Court in this case dismissed Roudabush's claims against the United States based on sovereign immunity and his claims against the District Court based on judicial immunity in screening the complaint. Immunity is not an enumerated ground for a strike under § 1915(g) and a dismissal on this basis does not, on its own, count as a strike. Ball, 726 F.3d at 460-61. Such a dismissal may count as a strike where a court "explicitly and correctly concludes that the complaint reveals the immunity defense on its face" and dismisses it under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness. Id. at 463. A dismissal based on immunity also qualifies as a strike where a court dismisses the complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Millhouse v. Heath, 866 F.3d 152, 161-62 (3d Cir. 2017).

4

In Roudabush v. United States, et al., the District Court dismissed Roudabush's

claims based on sovereign and judicial immunity, but it did not state that the ground for

dismissal of these claims was frivolousness or failure to state a claim or that the dismissal

was pursuant to § 1915(e)(2)(B)(i) or (ii).  Although the District Court later granted the

remaining defendants' motion to dismiss the complaint for failure to state a claim, the

entire action was not dismissed on an enumerated ground and the dismissal is not strike.[2]

The District Court also found that the dismissal of Roudabush's complaint in

Roudabush v. Johnson, et al., D.N.J. Civ. No. 11-cv-07444 ("Johnson II"), qualifies as a

strike.  The District Court dismissed the complaint in this case at the screening stage for

failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and stated in its

order that the dismissal was without prejudice.  Since the District Court below issued its

decision, we have held that the dismissal of a complaint without prejudice for failure to

state a claim is not a strike based on the language of § 1915(g).  Millhouse, 866 F.3d at

161-63.  Appellees argue that Roudabush had been afforded leave to amend his

complaint, and that the dismissal without prejudice became a dismissal with prejudice

once he failed to amend, but they rely upon a decision by this Court addressing whether a

_____

[2]Because Roudabush v. United States, et al. does not qualify as a strike on this
basis, we need not address the District Court's other rulings in that case.

dismissal without prejudice was final for purposes of appellate jurisdiction. Under Millhouse, Johnson II is not a strike.[3]

In addition to Johnson I, we have previously found that Roudabush has one other dismissal that qualifies as a strike and that accrued prior to when he brought his present action in District Court. See Roudabush v. Kopelove, E.D. Va. Civ. No. 05-cv-00348 (case dismissed as frivolous). Roudabush objects to our reliance on the court docket as opposed to the dismissal order in making this determination, but we often look to dockets in older cases and the docket in Kopelove is unambiguous.

We are unable to conclude, however, that Roudabush has a third such strike. The Appellees note in their brief that we determined that Roudabush has three strikes when we adjudicated his motion to proceed IFP in this appeal, but we relied on the two qualifying dismissals noted above and the dismissal in Roudabush v. Hylton, et al., E.D. Va. Civ. No. 15-cv-00376, which occurred on September 2, 2015. This dismissal was prior to the filing of the present appeal, see Millhouse, 866 F.3d at 157, but not prior to the date Roudabush brought his underlying action, whether we consider the date he submitted his complaint or the date the District Court granted IFP status and the complaint was filed. See 28 U.S.C. § 1915(g) (providing a prisoner shall not "bring a civil action" if he has on three or more prior occasions brought an action or appeal that

---

[3]The dismissal in Roudabush v. NRDC Equity Partners, LLC, et al., D.N.J. Civ. No. 12-cv-00029, noted in the District Court's initial order granting Roudabush IFP status, is also not a strike because it was without prejudice.

6

was dismissed on an enumerated ground).[4]  Appellees also note that Roudabush has filed appeals that were dismissed as frivolous, but these dismissals also occurred after he brought his underlying action.  Roudabush thus did not have three strikes and he was not required to show that he was in imminent danger in order to proceed IFP in District Court.

Roudabush also appeals a September 9, 2015 order by the Magistrate Judge denying his motion for appointment of counsel.  Roudabush objected to the Magistrate Judge's order by filing an appeal to the District Judge.  Roudabush has not identified an order addressing his appeal and we have not found one.  The District Court should address Roudabush's objection on remand.  Roudabush also appeals a September 8, 2015 order denying his motion for recusal and an October 22, 2015 order granting the defendants' motion to file his medical records under seal.  Roudabush has not shown that the District Court erred and we affirm the orders for substantially the reasons stated by the District Court.  To the extent Roudabush argues that he was denied witnesses at his imminent danger hearing, it is not necessary to address this argument because we do not reach the issue of imminent danger.

---

[4]Because Roudabush v. Hylton, et al. was dismissed after both the submission and the filing of the complaint below, we do not address this issue further here.  To the extent Roudabush argues that Hylton is not a strike because the dismissal was pursuant to 28 U.S.C. § 1915A(b)(1), such a dismissal is a strike.  Byrd, 715 F.3d at 126.

Finally, Roudabush appeals the District Court's denial of his motion to vacate its order revoking his IFP status. Roudabush argued that the District Court lacked jurisdiction because he had a pending interlocutory appeal when the District Court held its hearing on his IFP status. As noted by the District Court, Roudabush's appeal had been dismissed for failure to prosecute at the time of the hearing and he had a pending motion to reopen his appeal. In addition, a lower court's jurisdiction is not lost when an appeal is taken from a non-appealable order. Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985). Roudabush had appealed the October 22, 2015 order regarding the submission of his medical records. This order was not immediately appealable and we later reopened his appeal and dismissed it for lack of jurisdiction. See C.A. No. 15-3699.

Accordingly, we will vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.[5]

---

[5]Roudabush's motion for leave to file an addendum to his reply brief is granted and his remaining outstanding motions are denied. Appellees' motion to seal portions of their Supplemental Appendix is granted and their motion to strike Roudabush's response to their Rule 28(j) letter is denied.