DLD-138                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3989
_____

EDWARD P. SEMULKA,
                                    Appellant

v.

STATE OF PENNSYLVANIA;
PA BAR ASSOCIATION;
PA STATE POLICE; SHANNON SWORSKI;
CHEVRON INC.; UNIVERSITY OF PITTSBURGH;
PITTSBURGH POLICE; UNION TOWNSHIP POLICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00713)
District Judge:  Honorable David S. Cercone
_____

Submitted on a Motion to Reopen, and for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 14, 2013)
_____

OPINION
_____

PER CURIAM

Edward P. Semulka appeals from an order of the United States District Court for the

Western District of Pennsylvania, which granted his motion for leave to proceed in forma pauperis ("IFP") and dismissed his complaint as frivolous.[1] We grant his motion to proceed in forma pauperis and to reopen the appeal and to file a motion to reopen out of time.[2] However, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

We have reviewed the complaint and the District Court's order dismissing the complaint. We agree with the District Court that the complaint is rambling and fails to present any colorable legal basis for relief. We also agree that his claims are time-barred by the applicable statutes of limitations.

In his Argument Supporting Appeal, Semulka does not indicate why he believes the District Court erred in dismissing his complaint as frivolous. Instead, he simply repeats his claims and attempts to add new claims, which is not allowed on appeal. In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010). We will thus dismiss the appeal as frivolous.

---

[1] Although the District Court cited 28 U.S.C. § 1915(d), that appears to be a typographical error, as subsection "e" is the section that provides for dismissing a complaint as frivolous.

[2] Semulka has demonstrated the inability to pay the fees on appeal. See Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). We thus grant the application to proceed IFP. Although a motion to reopen must generally be filed within ten days of the date of dismissal, see Third Circuit LAR Misc. 107.2(a), Semulka has filed a motion for leave to file the motion to reopen out of time. He indicates that he has a disability that makes it difficult to comply with the deadlines. In this instance, we will excuse the lateness of the motion to reopen. For the same reason, we find that Semulka has shown good cause for failing to timely file his motion to proceed IFP and that reopening is thus warranted.