**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-1222, 17-1527, and 17-1714
_____


JOSEPH A. BROWN,

Appellant

v.

DR. SAGE, (PSYCH DEPT.);
DR. EIGENBRODE, (PSYCH DEPT.);
DR. SHOUEY, (PSYCH DEPT.)

Appellees in No. 17-1222


JOSEPH A. BROWN,

Appellant

v.

C.O. KEMMERER;
UNITED STATES; B.R. PEALER;
T. CRAWFORD; C.O. J. YOUNG;
C.O. J. TREIBLY; C.O. J. HARDY;

Lt. R. MILLER; C.O. D. HERR;
C.O. A. CRAVELING; C.O. J. FINCK;
C.O. R. WICKHAM; Lt. J. SHERMAN; Lt. DOUH;
Lt. J. SEEBA; Lt. R. JOHNSONL Lt. P. CARRASQUITTO;
P.A. S. DEES; P.A. L. POTTER; P.A. BRENNAMAN;
P.A. H. MIOSI; J. CARPENTER; J. RUSSO

Appellees in
No. 17-1527


JOSEPH A. BROWN,

Appellant


v.


SARAH DEES, PHYSICIAN ASSISTANT, USP

Appellee in No. 17-1714

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 1:16-cv-02477, 1:14-cv-01520, and 1:17-cv-
00025)
District Judge: Hon. Sylvia H. Rambo

_____


Argued June 14, 2018


2

Before:  SMITH, *Chief Judge*, CHAGARES, FUENTES,
*Circuit Judges*

(Filed: September 7, 2018)

Judah Bellin [Argued]
University of Pennsylvania
School of Law
3400 Chestnut Street
Philadelphia, PA 19104

Julia Chapman
Michael S. Doluisio
Ellen L. Mossman
Dechert LLP
Cira Centre
2929 Arch Street, 18th Floor
Philadelphia, PA 19104

   *Attorneys for Appellant*

Michael J. Butler [Argued]
Office of the United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

   *Attorney for Appellees in No. 17-1527*

———————————

OPINION OF THE COURT
———————————

FUENTES, *Circuit Judge*.

Petitioner Joseph Brown filed three appeals challenging the District Court's denials of his motions to proceed *in forma pauperis* ("IFP"). He then moved to proceed IFP on appeal, and we consolidated his cases for our review. Under the Prison Litigation Reform Act ("Act"), a federal prisoner may proceed IFP and file a case without prepaying the requisite fees if the prisoner meets certain requirements, including filing an affidavit that demonstrates that he cannot afford the fees.[1] However, under 28 U.S.C. § 1915(g), the Act's so-called "three strikes rule," a prisoner cannot proceed IFP if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]

Brown has previously filed three cases in federal district courts in California that can potentially be counted as strikes under § 1915(g). Because we conclude that we must use our precedent to evaluate whether prior cases are strikes, rather than that of the Circuit from which the potential strikes emanated, we conclude that Brown has not previously accrued three strikes. Accordingly, we will grant his motions to proceed IFP. We will also reverse the District Court's denials of Brown's motions and remand the cases for further proceedings.

---

[1] 28 U.S.C. § 1915(a).

[2] *Id.* at § 1915(g).

4

Brown is a federal prisoner who filed three separate *Bivens* actions alleging that his Fifth and Eighth Amendment rights had been violated by prison employees.

First, on August 4, 2014, Brown filed his complaint in *Brown v. Kemmerer*,[3] in which he alleged that various prison officials had physically injured him by placing him in restraints. On the same day, Brown also filed a motion to proceed IFP. He indicated on his IFP application that he had not previously accrued three strikes. The District Court construed Brown's motion as a "motion to proceed without full prepayment of fees and costs" and granted it.

On December 15, 2016, while *Kemmerer* was proceeding, Brown filed his complaint in *Brown v. Sage*,[4] in which he claimed that he was physically injured because prison employees, including his psychologists, were deliberately indifferent to his serious mental health issues. As in *Kemmerer*, on the day he filed his complaint, Brown also filed a motion in *Sage* to proceed without prepayment of fees or costs. The very next day, however, Brown filed a correction to his motion, explaining that after he filed it, he received mail informing him that he had accrued three strikes. Accordingly, he also explained that he would invoke § 1915(g)'s "imminent danger" exception to the three strike rule because of his "very likely risk of suffering another traumatic incident as a result of suffering from a chronic condition of post[-]traumatic stress disorder."[5] The District Court then directed Brown to either pay the filing fees or file a motion to proceed IFP, so Brown filed such motion.

---

[3] D.C. No. 1:14-cv-01520.
[4] D.C. No. 1:16-cv-02477.
[5] *Id.* 126.

On January 3, 2017, the District Court filed a memorandum opinion in *Sage* denying Brown's motion to proceed IFP because he had previously accrued three strikes. Specifically, the District Court concluded that Brown's strikes emanated from three cases in federal district courts in California:

> 1. *Brown v. United States*, No. 1:11-CV-01562-MJS, 2013 WL 2421777 (E.D. Cal. June 3, 2013) ("*Brown I*");
> 2. *Brown v. United States*, No. 1:12-CV-00165-AWI-GSA (E.D. Cal. Nov. 13, 2014) ("*Brown II*"); and
> 3. *Brown v. Profitt*, No. 5:13-CV-02338-UA-RZ (C.D. Cal. Mar. 7, 2014).

The District Court also concluded that "Brown's allegations d[id] not satisfy the threshold criterion of the imminent danger exception."[6]  Accordingly, the District Court denied Brown's application to proceed IFP and dismissed his complaint without prejudice.  Brown appealed shortly thereafter.

On the same day that the District Court filed its opinion in *Sage*, January 3, 2017, it also filed a memorandum opinion in *Kemmerer* vacating its previous decision to allow Brown to proceed without full prepayment of fees and costs and denying Brown's IFP motion.  The District Court explained that it had recently come to its attention that Brown had accrued the strikes enumerated above, and it concluded that it would

---

[6] J.A. 11.

6

dismiss Brown's complaint unless he paid the necessary fees. Brown later appealed.

The day after the District Court filed its opinions in *Sage* and *Kemmerer*, January 4, 2017, Brown filed *Brown v. Dees*,[7] his third *Bivens* action. In *Dees*, Brown claimed that prison physician assistant Sarah Dees denied him treatment for second-degree burns after he accidentally spilled hot water on himself. He filed a motion to proceed IFP, in which he indicated that he had accrued three strikes but claimed that he satisfied § 1915(g)'s imminent danger exception because Dees had "deliberately refused [him] medical treatment for serious medical needs."[8] On March 24, 2017, the District Court once again filed an opinion explaining that Brown had previously accumulated three strikes and that he did not meet the imminent danger exception. It therefore denied Brown's IFP motion and dismissed the case. Brown appealed.

Brown filed motions to proceed IFP in his appeals in *Sage, Kemmerer* and *Dees*. His motions were consolidated for our review, and we appointed *pro bono* counsel to represent Brown.[9]

**I.**

---

[7] D.C. No. 1:17-cv-00025

[8] J.A. 143.

[9] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review with respect to the proper interpretation of the [Act] and its three strikes rule." *Millhouse v. Heath*, 866 F.3d 152, 156 (3d Cir. 2017) (citation omitted).

To evaluate a petitioner's motion to proceed IFP on appeal, we generally follow a two-step process. First, we look to § 1915(a) of the Act and "determine[] whether the [petitioner] is financially eligible to proceed without prepayment of fees."[10]  Second, we analyze whether the appeal is frivolous.[11]  In deciding whether to grant a petitioner's IFP motion, we must also consider § 1915(g) of the Act—the three strikes rule. Specifically, § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[12]

In this case, because the parties do not dispute that Brown is financially eligible to proceed IFP and because his appeals are not frivolous, our decision on Brown's IFP motions will turn on whether he has previously accrued three strikes. As the District Court correctly noted, there are three cases that

---

[10] *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 455 n.4 (3d Cir. 1996).
[11] *Id.*; *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990); 28 U.S.C. § 1915(e).
[12] 28 U.S.C. § 1915(g).

we could potentially conclude constitute strikes under § 1915(g): *Brown I*, *Brown II,* and *Profitt.*[13]

Because all three of Brown's prior cases were filed in the Eastern and Central Districts of California, we must begin our analysis by deciding whether to use our precedent or the Ninth Circuit's to determine whether the dismissals in *Brown I*, *Brown II,* and *Profitt* qualify as strikes. This determination is significant because, as will be discussed below, the outcome of Brown's IFP motions turns on which Circuit's law applies.

Although we have not previously addressed this issue, we now conclude that courts in our Circuit should use our precedent to evaluate whether prior cases qualify as strikes under § 1915(g), regardless of the court from which they originated. As we have often explained, panels of our Court are bound by the precedent of prior panels,[14] as are the district courts in our Circuit.[15] We see no reason to depart from this

---

[13] It is worth noting that neither party argues that there are cases aside from the three discussed by the District Court that could also be considered strikes. We, too, are unaware of any other cases that should be analyzed.

[14] *See, e.g.*, *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 114 n.5 (3d Cir. 2017) ("[A] panel of this court is bound to follow the holdings of published opinions of prior panels of this court." (quoting *Nationwide Ins. v. Patterson*, 953 F.2d 44, 26 (3d Cir. 1991))); *U.S. v. Franz*, 772 F.3d 134, 144 n.8 (3d Cir. 2014) ("[S]itting as a panel of this Court, we cannot overrule prior precedent.").

[15] *See, e.g.*, *Valspar Corp. v. E.I. Du Pont Nemours and Co.*, 873 F.3d 185, 203 (3d Cir. 2017) (explaining that the District Court was bound by Third Circuit precedent).

general rule in this situation, nor have the parties provided us with one.[16]  Additionally, we have not found any other Circuit that has declined to follow its own precedent when considering potential strikes from another Circuit.[17]  In fact, we believe that choosing to follow our own precedent, no matter where the potential strike occurred, promotes uniformity and efficiency within our Circuit.  Specifically, it ensures that petitioners in identical circumstances are treated identically with respect to their motions to proceed IFP regardless of where they have filed past cases, and it obviates the need for us to ascertain what constitutes a strike in every other Circuit.

We recognize that using our own precedent to determine whether a prior dismissal qualifies as a strike may at times cause us to conclude that certain dismissals are not strikes, even if they were intended as strikes by other courts. However, although not ideal, this eventuality is not significant

---

[16] Instead, the parties seemed to agree at oral argument that we should apply our own law in this case.  Prior to oral argument, we specifically asked the parties to be prepared to discuss which Circuit's law should be applied.  Ultimately, however, neither party argued that we should look to the Ninth Circuit's law.

[17] Although they have not explicitly addressed the issue, other Circuits have applied their own law when dealing with strikes from other courts.  *See, e.g.*, *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177-80 (10th Cir. 2011) (using Tenth Circuit precedent to determine whether cases from courts in the Seventh Circuit were strikes); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 431-40 (D.C. Cir. 2007) (considering cases from courts in the Eighth and Eleventh Circuits without discussing the precedents of those Circuits).

enough to convince us to abandon the long-standing principle that we are bound to follow the precedent of our Court.

## II.

Having established that we will follow our case law to determine strikes under § 1915(g), we now turn to determining whether Brown has accrued three strikes. To begin, as Brown's counsel has conceded, we conclude that *Brown I* and *Brown II* constitute strikes.[18] In *Byrd v. Shannon*, we addressed the standard we should use to evaluate whether a dismissal of a filed complaint counts as a strike for IFP purposes.[19] We explained that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons."[20] Since *Byrd*, we have also explained that a dismissal "does not rise to the level of a strike" unless it is a dismissal *with* prejudice.[21]

*Brown I* and *Brown II* both meet all of our requirements for strikes. In *Brown I*, Brown filed a complaint and a series of amended complaints against employees at various prisons,

---

[18] At oral argument, Brown's counsel explicitly conceded that *Brown I* and *Brown II* qualify as strikes. In addition, Brown did not argue in his briefs that *Brown I* and *Brown II* are not strikes. Instead, he focused his argument on whether *Profitt* is a strike.

[19] 715 F.3d 117, 124 (3d Cir. 2013).

[20] *Id.* at 126.

[21] *Millhouse*, 866 F.3d at 161.

11

alleging that they had failed to diagnose and treat mental injuries caused by his post-traumatic stress disorder. [22] Ultimately, the District Court in the Eastern District of California explicitly dismissed Brown's entire action for "failure to state a claim."[23] Its dismissal was with prejudice.[24] Similarly, in *Brown II*, Brown, proceeding IFP,[25] filed a *Bivens* action against prison officials, which the District Court in the Eastern District of California dismissed with prejudice for "failure to state a *Bivens* claim upon which relief may be granted."[26] Accordingly, we conclude that both *Brown I* and *Brown II* qualify as strikes under § 1915(g).

Given that Brown has two strikes from *Brown I* and *Brown II*, our decision on his IFP motions hinges on whether *Profitt* constitutes a third strike. We conclude that it does not. In *Profitt,* Brown filed a request to proceed without prepaying the filing fees to which he attached a complaint. The Central District of California noted that the complaint was "lodged" and was "sought to be filed" by Brown.[27] Ultimately, the District Court denied Brown's request to proceed without prepayment of fees using a form entitled "Order Re Leave to File Action Without Prepayment of Full Filing Fee," which was signed by both the Magistrate Judge and the District Judge.

---

[22] *Brown v. United States*, No. 1:11-CV-01562-MJS, 2013 WL 2421777, at *1 (E.D. Cal. June 3, 2013).

[23] *Id.* at *6.

[24] *Id.*

[25] *Brown v. U.S.*, No. 1:12-CV-00165-AWI-GSA (E.D. Cal. Mar. 30, 2012) (order granting motion to proceed IFP).

[26] *Brown v. U.S.*, No. 1:12-CV-00165-AWI-GSA, slip op. at 2 (E.D. Cal. Nov. 13, 2014).

[27] *Id.* 61.

On the form, the Magistrate Judge briefly explained Brown's claim and then stated that Brown had "failed to state a valid claim in two attempts. This matter will be closed."[28] Additionally, the Magistrate Judge checked boxes indicating that Brown's application was being denied because of "failure to state a claim," that "[l]eave to amend would be futile," and that the denial might constitute a strike for the purposes of § 1915(g).[29] Thus, the matter was closed, and Brown's complaint was never actually filed with the District Court.

As § 1915(g) explains, a prisoner cannot procced IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought* an action or appeal" that was dismissed because it was malicious or frivolous or because it failed to state a claim.[30] We know then that in order for a dismissal to qualify as a strike, the action must have been "brought." Accordingly, the question we must answer is whether *Profitt* was an action that was "brought" even though Brown's complaint was never filed.

In *Gibbs v. Ryan*, we clarified that "[i]n the context of filing a civil action, 'bring' ordinarily refers to the 'initiation of legal proceedings in a suit.'"[31] We therefore equated a complaint being filed with an action being brought, explaining that "[Gibbs'] complaint was filed, and his action was

---

[28] *Id.*

[29] *Id.*

[30] 28 U.S.C. § 1915(g) (emphasis added).

[31] 160 F.3d 160, 162 (3d Cir. 1998) (citing *Black's Law Dictionary* 192 (6th ed. 1990)).

13

'brought' when his motion to proceed *in forma pauperis* was granted."[32]

We have continuously followed this principle, and we reiterate it now.[33] In order for an action to be "brought" under § 1915(g), a litigant's complaint must be filed with the District Court. A complaint, however, cannot be filed until the litigant has paid the filing fees or until his motion to proceed IFP has been granted. Thus, because Brown's complaint in *Profitt* was never filed, we conclude that *Profitt* was not an action that was "brought" under § 1915(g), so it does not constitute a strike.

We recognize that our conclusion would change if we applied the Ninth Circuit's precedent instead of our own. In *O'Neal v. Price*, the Ninth Circuit "conclude[d] that a plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed [IFP] to the court."[34] Under such rule, *Profitt* would be an action that was "brought" because Brown submitted both a complaint and a request to proceed without prepayment of fees to the District Court. Given that fact, and the fact that the District Court's form stated that the case was being dismissed for "failure to state a claim," it seems likely that the District Court intended

---

[32] *Id.*

[33] *See, e.g.*, *Millhouse*, 866 F.3d at 158–59 ("[W]e have indicated that, when a litigant submits a complaint with an IFP motion, the complaint is duly filed after the motion to proceed IFP is granted."); *Urrutia*, 91 F.3d at 458 n.13 ("[S]ubmitting an *in forma pauperis* complaint to the clerk does not result in commencement of the litigation.").

[34] 531 F.3d 1146, 1152 (9th Cir. 2008).

14

*Profitt* to be a strike. This does not change our analysis, however. As discussed above, we are bound to follow our precedent, which dictates that *Profitt* does not qualify as a strike.[35]

Because we conclude that Brown has not previously accrued three strikes under § 1915(g), we will grant his motions to proceed IFP on appeal.

### III.

Before we turn to the merits of Brown's appeals, we will take this opportunity to clarify the procedure that district courts in our Circuit should use to docket a petitioner's IFP motion and complaint. Specifically, when a district court receives a complaint before a petitioner's motion to proceed IFP has been granted, the court should indicate on the docket that the complaint has been "lodged." Then, if the district court grants the petitioner's IFP motion, it should update the docket with a new entry that indicates that the complaint is "filed." If the district court denies the petitioner's IFP motion, the complaint should remain "lodged" until the petitioner pays the filing fees. We believe that this procedure best comports not only with the statutory text of § 1915, but also with our precedent

---

[35] Although counsel for the appellees tried to assert at oral argument that we had adopted the conclusion from *O'Neal*, that is not the case. While we have discussed *O'Neal*'s holding, we have never stated that we would follow it ourselves. To the contrary, our precedent directly contradicts the Ninth Circuit's policy in *O'Neal*. *See Millhouse*, 866 F.3d at 158-160 (discussing our rule and *O'Neal*).

15

demonstrating that a complaint cannot be filed until a petitioner's motion to proceed IFP is granted.

## IV.

Finally, we will consider the merits of Brown's three appeals. In each case, Brown argues that the District Court improperly denied his motions to proceed IFP. He is correct.

To begin, we note that the Government has conceded that Brown did not have three strikes at the time the District Court first considered his motion to proceed IFP in *Kemmerer*.[36] Specifically, the Government explains that the District Court granted Brown's motion (and therefore should have officially filed his complaint) in August 2014, but *Brown II* was not dismissed until November 13, 2014. The District Court then concluded that *Brown II* was a strike when it vacated its grant of Brown's IFP motion in January 2017. Although we have not previously pinpointed the time at which a district court may no longer consider new dismissals to be strikes, we have addressed the issue in the appellate context. In *Millhouse v. Heath*, we explained that we must "look to the date the notice of appeal is filed in assessing whether a dismissal counts as a strike. Strikes accrued after this date simply do not count under § 1915(g)."[37]

We now extend the *Millhouse* rule to encompass the situation before us here. We conclude that strikes that accrue before the filing of a complaint count under § 1915(g), while strikes that accrue after do not. We believe that this rule makes sense given the language of § 1915(g) itself. Section 1915(g)

---

[36] Appellees' Br. 22.

[37] *Millhouse*, 866 F.3d at 161.

explicitly states that "[i]n no event shall a prisoner *bring* a civil action" if he has previously accrued three strikes.[38]   This language makes clear that the critical point from which we must determine a petitioner's number of strikes is when the action is brought—meaning, as we have clarified, when the complaint is filed.  In other words, because we have equated "bring" with "file a complaint," § 1915(g) can be read to state that "[i]n no event shall a prisoner [file a complaint in] a civil action" if he has previously accrued three strikes.

Accounting for the rule that only strikes that accrue before the filing of a complaint count under § 1915(g), we agree with the Government that *Brown II* did not qualify as a strike when the District Court vacated its grant of Brown's IFP motion in *Kemmerer* in January 2017.  As discussed above, Brown's complaint was filed well before *Brown II* was dismissed. Accordingly, when the District Court reconsidered Brown's motion, Brown had only accrued one strike—*Brown I*.  Thus, we will reverse the District Court's denial of Brown's IFP motion and remand *Kemmerer* for further proceedings.

We will also reverse the District Court's denials of Brown's motions in *Sage* and *Dees*.  As set forth, the District Court denied Brown's motions because it concluded that he had accrued three prior strikes in *Brown I*, *Brown II* and *Profitt.* However, as we have explained, Brown has not accrued three strikes because *Profitt* does not qualify as one.  We will therefore reverse the District Court and remand the cases.[39]

---

[38] 28 U.S.C. § 1915(g) (emphasis added).

[39] Because we reverse the District Court's denials based on the number of strikes Brown has accrued, we need not discuss any

17

## V.

For the foregoing reasons, we will grant Brown's motions to proceed IFP on appeal. We will also reverse the District Court's denials of Brown's IFP motions and remand all three of Brown's cases for further proceedings.

---

of Brown's arguments regarding the Act's imminent danger exception.

<u>Brown v. Sage</u>
Nos. 17-1222, 17-1527, 17-1714

CHAGARES, <u>Circuit Judge</u>, concurring in part and dissenting in part.

My learned colleagues have applied the law of this Court, but that jurisprudence was superseded by statute over twenty years ago. Nevertheless, the majority has extended it, thereby creating a circuit split, mandating adherence to an inflexible rule that many courts in this circuit have abandoned, and increasing litigation (and confusion) over what constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). I write separately because I believe that the Court should take this case en banc to align our jurisprudence with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996) (the "PLRA") and with the decisions of our sister Courts of Appeals. Adherence to our outdated and rigid two-step procedure — the prism through which courts in this circuit must now divine whether prior dismissals that occurred both in and out of this circuit constitute strikes — should be discarded in favor of the flexible and discretionary approach required by the PLRA.

Whether Brown's complaint and IFP application sent to the District Court are categorized as filed, brought, or lodged is somewhat beside the point to a proper analysis under the PLRA. That is because the PLRA amended 28 U.S.C. § 1915 in 1996 to provide, <u>inter</u> <u>alia</u>:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines

1

that—
(A) the allegation of poverty is untrue, or
(B) the action or appeal—

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  So, under this section, a district court is authorized to dismiss a case "at any time," regardless of the status of a filing fee.

Our jurisprudence incorrectly, in my view, requires a rigid two-step process.  The first step is focused upon the resolution of the IFP application.  A complaint sent to the court "cannot be filed until the litigant has paid the filing fees or until his motion to proceed IFP has been granted."  Maj. Op. 14.  Only after a complaint is filed may the court perform its screening duty, employing the criteria set forth in § 1915(e)(2).  See Maj. Op. 8.  The majority applies our jurisprudence to hold that because the Proffitt court in California simultaneously denied Brown's IFP motion and dismissed his complaint as frivolous, the case was never filed and, thus, could not be considered a "strike" under § 1915(g).

Our jurisprudence and holding are at odds with the temporal freedom mandated by § 1915(e)(2).  Section 1915(e)(2) permits a court to dismiss a case "[n]otwithstanding" the filing fee matters that we consider in our step one analysis.  Moreover, we disregard the PLRA's grant of authority that a court may dismiss a case "at any time."

2

Under the Court's view, "at any time" is limited to a time after the filing fee matters are resolved.

An analysis of our prior caselaw and the purposes of the PLRA assist in explaining my position. Under the pre-1996 version of 28 U.S.C. § 1915, our two-step process when proceeding in cases with an IFP motion was as follows: "the "court grant[ed] or denie[d] in forma pauperis status based on economic criteria alone and then, if warranted, dismisse[d] the [case] as frivolous pursuant to § 1915(d)." Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). Section 1915(d), at that time, provided that "[t]he court may . . . dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990).

Prior to enactment of the PLRA, the federal courts had become overwhelmed with prisoner litigation. Indeed, by 1995, prisoner lawsuits constituted twenty-five percent of federal court filings. Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997). Congress became deeply concerned that a large volume of frivolous and vexatious prisoner lawsuits both slowed the judicial process and were unnecessarily costly for defendants. Through its hearing process, Congress learned of many colorful instances of such prisoner litigation. See Nussle v. Willette, 224 F.3d 95, 105 (2d Cir. 2000) (quoting 141 Cong. Rec. S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Abraham) (discussing examples of cases such as ones involving an "'insufficient storage locker space,' a defective haircut by a prison barber, the failure of prison officials to invite a prisoner to a pizza party for a departing prison employee, and yes, being served chunky peanut butter instead of the creamy variety"), rev'd sub nom. Porter v. Nussle, 534 U.S. 516 (2002). As a result, a main purpose of the PLRA was

3

"to limit the filing of frivolous and vexatious prisoner lawsuits" by "curtail[ing] the ability of prisoners to take advantage of the privilege of filing I.F.P." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc). Further, the PLRA was intended to "preserv[e] resources of both the courts and the defendants in prisoner litigation." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013).

One of the important reforms instituted by the PLRA to require "early judicial screening of prisoner complaints." Jones v. Bock, 549 U.S. 199, 202 (2007). See also 141 Cong. Rec. S14414 (daily ed. Sept. 27, 1995) (statement of Sen. Dole) (noting that the PLRA "would allow a Federal judge to immediately dismiss a complaint"). Specifically, § 1915(d) was re-designated as § 1915(e), the phrase "at any time" was added, other bases to dismiss were added, and "may dismiss" was changed to "shall dismiss." Further, the PLRA added 28 U.S.C. § 1915A, which requires courts to screen a prisoner complaint for possible dismissal "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). And, of course, the PLRA added the so-called "three strikes" rule in 28 U.S.C. § 1915(g). In so doing, the PLRA "supplie[s] a powerful economic incentive not to file frivolous lawsuits or appeals." Abdul-Akbar, 239 F.3d at 314.

Shortly after enactment of the PLRA, we considered an IFP prisoner complaint that a district court dismissed as frivolous in Urrutia v. Harrisburg Cty. Police Dep't, 91 F.3d 451 (3d Cir. 1996). The Court determined that it would apply the older version of § 1915, as that was the version in effect when the complaint was considered by the district court, although in dicta, the Court speculated that "[t]here is no reason to think that the procedure will be any different under

4

the new version of § 1915." Id. at 455 n.4. The Court repeated its prior two-step process, but it acknowledged: "More commonly, however, both the filing of the complaint and the authorization of service of the complaint on the defendants are postponed while the magistrate judge and/or district judge consider the § 1915(a) (indigency) and (d) (frivolousness) issues together." Id.

Notwithstanding this acknowledgment in Urrutia and the advent of the PLRA, the Court today expressly forecloses the viability of this "common[]" practice in the Third Circuit. I note that this Court and the district courts in this circuit have routinely taken the approach mandated by the PLRA without much fanfare. See, e.g., Parker v. Montgomery Cty. Corr. Facility, 870 F.3d 144, 147 (3d Cir. 2017) (counting as a strike a case with an order both granting IFP status and dismissing the case and noting the "at any time" language in § 1915(e)(2)); Semulka v. Pennsylvania, 515 F. App'x 74, 74 (3d Cir. 2013) (per curiam) (granting IFP and dismissing complaint as frivolous in same order and noting that the district court did the same); Ackerman v. Mental Health Court, No. 2:13-CV-173, 2013 WL 456384 (W.D. Pa. Feb. 6, 2013) (dismissing the complaint as frivolous and denying IFP in same order); Jackson v. Brown, No. 11cv0702, 2011 WL 13176162 (W.D. Pa. Sept. 19, 2011) (dismissing the complaint and denying IFP application as moot in same order); Cannon v. Sleet, No. 09-793, 2009 WL 4899235 (D. Del. Dec. 11, 2009) (same); Salzman v. Bucks Cty. Family Court, No. 07-cv-1682 (E.D. Pa. May 3, 2007) (dismissing complaint as frivolous and denying IFP in same order); Ajjahnon v. State, No. 06-cv-

5

3696, 2006 WL 2465422 (D.N.J. Aug. 22, 2006) (same).[1] Indeed, at oral argument, the Assistant U.S. Attorney representing the Government advised the Court that the District Court for the Middle District of Pennsylvania does not follow the strict two-step process.

Our Court should adopt the more flexible analysis signaled in Urrutia and mandated by the PLRA. I believe that courts have the discretion to assess the two steps in either order or even simultaneously. See 10 James W. Moore, Moore's Federal Practice § 55.104[1][a] (3d ed. 2018) (noting that "the court may dismiss the case, either before ruling on or after granting in forma pauperis status"). Accordingly, as in Proffitt, a district court could make "the fee assessment and conduct[] the screening process in the same opinion and order." McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997). This approach best captures the letter and intent for the PLRA. Courts would have the ability, then, to screen complaints "at

---

[1] The United States District Court for the Middle District of Pennsylvania in Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa. 1997), addressed the then-new PLRA head-on. The court observed that the PLRA amended § 1915 to include the "at any time language." Id. at 567. That language, the court noted, "is a reason to think that the procedure will be different under the new version of § 1915." Id. In particular, the court posited that "'at any time' would include a time prior to granting the application to proceed in forma pauperis.'" Id. The court further posited that under the PLRA, whether a filing fee has been paid "does not affect the authority of the court to dismiss the case." Id. As a result, the court concluded that a court may now "review the complaint for merit without ruling on the motion to proceed in forma pauperis." Id.

6

any time," § 1915(e)(2), and it would allow fulfillment of the mandate of § 1915A to screen complaints "before docketing" or as soon practicable thereafter.  This approach would also allow courts "avoid [the] pointless paper shuffling," Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004), of the two-step method and would empower the courts to move early to screen complaints that should be dismissed to conserve judicial resources and "conserve the resources of defendants forced to respond to baseless lawsuits," Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012).  This approach would relieve us from straining to define the word "bring" in § 1915(g),[2] and would align us with our sister Courts of Appeals.  See, e.g., Buchheit, 705 F.3d at 1160, 1161 (noting that, although not

---

[2] The two Courts of Appeals that have addressed what the PLRA means by brought an action have held brought is "when a complaint is tendered to the district clerk," rather than when it is filed.  Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004). See also O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) ("[W]e conclude that a plaintiff has 'brought' an action for purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court."); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (adopting holding in Ford).  Today we create a circuit split that I believe is unnecessary.  Even if we were compelled to answer this question, I believe that the Courts of Appeals for the Seventh and Ninth Circuits were correct in their interpretation of brought.  In particular, that word "properly focuses attention on what the prisoner-plaintiff does" to start his or her lawsuit, as opposed to the "filing" a court employee might undertake. Vaden, 449 F.3d at 1050.  Further, our jurisprudence simply does not supply a ready definition of brought for purposes of the PLRA.

7

required, "screening might be a good practice and more efficient" before considering an IFP application, and observing that "the language of the present rule . . . provides needed flexibility"); Torres v. O'Quinn, 612 F.3d 237, 249 (4th Cir. 2010) ("[I]n keeping with the sensible practice of many district courts around the country, the district court in these cases promptly determined that the complaints failed to state a claim upon which relief could be granted and dismissed each case pursuant to 28 U.S.C. § 1915A *without bothering to process Torres's request for* in forma pauperis *status.*"), *abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016);* O'Neal v. Price, 531 F.3d 1146, 1151-56 (9th Cir. 2008); Ford, 362 F.3d at 399-400 ("A prisoner's civil action may be dismissed . . . before any fees have been paid, and thus before 'filing' occurs."); McGore, 114 F.3d at 608 (noting that the court's two-step process does not prohibit courts from simultaneously considering both steps); Leonard v. Lacy, 88 F.3d 181, 185 (2d Cir. 1996) (observing the various practices among the district courts with regard to docketing and dismissing of frivolous prisoner IFP actions, which includes the simultaneous docketing and dismissal of complaints, and "[a]s to such dismissed complaints, the [IFP] motion is granted in some courts, and denied in other courts").[3]

---

[3] Our decision in Byrd recognized that "the PLRA's purpose is best served by taking an approach that does not open the door to more litigation surrounding § 1915(g)" and, in particular, "more, and perhaps unnecessary, litigation on whether or not a particular dismissal constitutes a strike." 715 F.3d at 126. Our decision does just that and will require courts in this circuit to discern whether potential strikes based on dismissals outside this circuit meet our rigid two-step procedural requirements. This is so despite our bright-line rule set forth in Byrd that a

8

For the foregoing reasons, I concur in part and dissent in part and urge the Court to consider this matter en banc.

---

strike occurs, <u>inter alia</u>, when an "entire action or appeal is . . . dismissed explicitly because it is 'frivolous,' 'malicious,' or fails to state a claim.'" <u>Id.</u> <u>See generally</u> <u>Millhouse v. Heath</u>, 866 F.3d 152, 164 (3d Cir. 2017) (recognizing that "we adopted in <u>Byrd</u> a bright-line rule in deciding what constitutes a strike.). The California-based district court's order in <u>Profitt</u> clearly met this bright line rule, and the majority even noted the likelihood "that the District Court intended <u>Profitt</u> to be a strike." Maj. Op. 15. Nonetheless, <u>Profitt</u> is not considered a strike under today's decision.

9