FUENTES, Circuit Judge.
 

 Petitioner Joseph Brown filed three appeals challenging the District Court's denials of his motions to proceed
 
 in forma pauperis
 
 ("IFP"). He then moved to proceed IFP on appeal, and we consolidated his cases for our review. Under the Prison Litigation Reform Act ("Act"), a federal prisoner may proceed IFP and file a case without prepaying the requisite fees if the prisoner meets certain requirements, including filing an affidavit that demonstrates that he cannot afford the fees.
 
 [1]
 
 However, under
 
 28 U.S.C. § 1915
 
 (g), the Act's so-called "three strikes rule," a prisoner cannot proceed IFP if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."
 
 [2]
 

 Brown has previously filed three cases in federal district courts in California that can potentially be counted as strikes under § 1915(g). Because we conclude that we must use our precedent to evaluate whether prior cases are strikes, rather than that of the Circuit from which the potential strikes emanated, we conclude that Brown has not previously accrued three strikes. Accordingly, we will grant his motions to proceed IFP. We will also reverse the District Court's denials of Brown's motions and remand the cases for further proceedings.
 

 Brown is a federal prisoner who filed three separate
 
 Bivens
 
 actions alleging that his Fifth and Eighth Amendment rights had been violated by prison employees.
 

 First, on August 4, 2014, Brown filed his complaint in
 
 Brown v. Kemmerer
 
 ,
 
 [3]
 
 in which he alleged that various prison officials had physically injured him by placing him in restraints. On the same day, Brown also filed a motion to proceed IFP. He indicated on his IFP application that he had not previously accrued three strikes. The District Court construed Brown's motion as a "motion to proceed without full prepayment of fees and costs" and granted it.
 

 On December 15, 2016, while
 
 Kemmerer
 
 was proceeding, Brown filed his complaint in
 
 Brown v. Sage
 
 ,
 
 [4]
 
 in which he claimed that he was physically injured because prison employees, including his psychologists, were deliberately indifferent to his serious mental health issues. As in
 
 Kemmerer
 
 , on the day he filed his complaint, Brown also filed a motion in
 
 Sage
 
 to proceed without prepayment of fees or costs. The very next day, however, Brown filed a correction to his motion, explaining that after he filed it, he received mail informing him that he had accrued three strikes. Accordingly, he also explained that he would invoke § 1915(g)'s "imminent danger" exception to the three strike rule because of his "very likely risk of suffering another traumatic incident as a result of suffering from a chronic condition of post[-]traumatic stress disorder."
 
 [5]
 
 The District Court then directed Brown to either pay the filing fees or file a motion to proceed IFP, so Brown filed such motion.
 

 On January 3, 2017, the District Court filed a memorandum opinion in
 
 Sage
 
 denying Brown's motion to proceed IFP because he had previously accrued three strikes. Specifically, the District Court concluded that Brown's strikes emanated from three cases in federal district courts in California:
 

 1.
 
 Brown v. United States
 
 , No. 1:11-CV-01562-MJS,
 
 2013 WL 2421777
 
 (E.D. Cal. June 3, 2013) ("
 
 Brown I
 
 ");
 

 2.
 
 Brown v. United States
 
 , No. 1:12-CV-00165-AWI-GSA (E.D. Cal. Nov. 13, 2014) ("
 
 Brown II
 
 "); and
 

 3.
 
 Brown v. Profitt
 
 , No. 5:13-CV-02338-UA-RZ (C.D. Cal. Mar. 7, 2014).
 

 The District Court also concluded that "Brown's allegations d[id] not satisfy the threshold criterion of the imminent danger exception."
 
 [6]
 
 Accordingly, the District Court denied Brown's application to proceed IFP and dismissed his complaint without prejudice. Brown appealed shortly thereafter.
 

 On the same day that the District Court filed its opinion in
 
 Sage
 
 , January 3, 2017, it also filed a memorandum opinion in
 
 Kemmerer
 
 vacating its previous decision to allow Brown to proceed without full prepayment of fees and costs and denying Brown's IFP motion. The District Court explained that it had recently come to its attention that Brown had accrued the strikes enumerated above, and it concluded that it would dismiss Brown's complaint unless he paid the necessary fees. Brown later appealed.
 

 The day after the District Court filed its opinions in
 
 Sage
 
 and
 
 Kemmerer
 
 , January 4, 2017, Brown filed
 
 Brown v. Dees
 
 ,
 
 [7]
 
 his third
 
 Bivens
 
 action. In
 
 Dees
 
 , Brown claimed that prison physician assistant Sarah Dees denied him treatment for second-degree burns after he accidentally spilled hot water on himself. He filed a motion to proceed IFP, in which he indicated that he had accrued three strikes but claimed that he satisfied § 1915(g)'s imminent danger exception because Dees had "deliberately refused [him] medical treatment for serious medical needs."
 
 [8]
 
 On March 24, 2017, the District Court once again filed an opinion explaining that Brown had previously accumulated three strikes and that he did not meet the imminent danger exception. It therefore denied Brown's IFP motion and dismissed the case. Brown appealed.
 

 Brown filed motions to proceed IFP in his appeals in
 
 Sage, Kemmerer
 
 and
 
 Dees
 
 . His motions were consolidated for our review, and we appointed
 
 pro bono
 
 counsel to represent Brown.
 
 [9]
 

 I.
 

 To evaluate a petitioner's motion to proceed IFP on appeal, we generally follow a two-step process. First, we look to § 1915(a) of the Act and "determine[ ] whether the [petitioner] is financially eligible to proceed without prepayment of fees."
 
 [10]
 
 Second, we analyze whether the appeal is frivolous.
 
 [11]
 
 In deciding whether to grant a petitioner's IFP motion, we must also consider § 1915(g) of the Act-the three strikes rule. Specifically, § 1915(g) provides:
 

 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [
 
 in forma pauperis
 
 ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
 
 [12]
 

 In this case, because the parties do not dispute that Brown is financially eligible to proceed IFP and because his appeals are not frivolous, our decision on Brown's IFP motions will turn on whether he has previously accrued three strikes. As the District Court correctly noted, there are three cases that we could potentially conclude constitute strikes under § 1915(g) :
 
 Brown I
 
 ,
 
 Brown II,
 
 and
 
 Profitt.
 

 [13]
 

 Because all three of Brown's prior cases were filed in the Eastern and Central Districts of California, we must begin our analysis by deciding whether to use our precedent or the Ninth Circuit's to determine whether the dismissals in
 
 Brown I
 
 ,
 
 Brown II,
 
 and
 
 Profitt
 
 qualify as strikes. This determination is significant because, as will be discussed below, the outcome of Brown's IFP motions turns on which Circuit's law applies.
 

 Although we have not previously addressed this issue, we now conclude that courts in our Circuit should use our precedent to evaluate whether prior cases qualify as strikes under § 1915(g), regardless of the court from which they originated. As we have often explained, panels of our Court are bound by the precedent of prior panels,
 
 [14]
 
 as are the district courts in our Circuit.
 
 [15]
 
 We see no reason to depart from this general rule in this situation, nor have the parties provided us with one.
 
 [16]
 
 Additionally, we have not found any other Circuit that has declined to follow its own precedent when considering potential
 strikes from another Circuit.
 
 [17]
 
 In fact, we believe that choosing to follow our own precedent, no matter where the potential strike occurred, promotes uniformity and efficiency within our Circuit. Specifically, it ensures that petitioners in identical circumstances are treated identically with respect to their motions to proceed IFP regardless of where they have filed past cases, and it obviates the need for us to ascertain what constitutes a strike in every other Circuit.
 

 We recognize that using our own precedent to determine whether a prior dismissal qualifies as a strike may at times cause us to conclude that certain dismissals are not strikes, even if they were intended as strikes by other courts. However, although not ideal, this eventuality is not significant enough to convince us to abandon the long-standing principle that we are bound to follow the precedent of our Court.
 

 II.
 

 Having established that we will follow our case law to determine strikes under § 1915(g), we now turn to determining whether Brown has accrued three strikes. To begin, as Brown's counsel has conceded, we conclude that
 
 Brown I
 
 and
 
 Brown II
 
 constitute strikes.
 
 [18]
 
 In
 
 Byrd v. Shannon
 
 , we addressed the standard we should use to evaluate whether a dismissal of a filed complaint counts as a strike for IFP purposes.
 
 [19]
 
 We explained that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons."
 
 [20]
 
 Since
 
 Byrd
 
 , we have also explained that a dismissal "does not rise to the level of a strike" unless it is a dismissal
 
 with
 
 prejudice.
 
 [21]
 

 Brown I
 
 and
 
 Brown II
 
 both meet all of our requirements for strikes. In
 
 Brown I
 
 , Brown filed a complaint and a series of amended complaints against employees at various prisons, alleging that they had failed to diagnose and treat mental injuries caused by his post-traumatic stress disorder.
 
 [22]
 
 Ultimately, the District Court in the Eastern District of California explicitly dismissed Brown's entire action for "failure to state a claim."
 
 [23]
 
 Its dismissal was with prejudice.
 
 [24]
 
 Similarly, in
 
 Brown II
 
 , Brown, proceeding IFP,
 
 [25]
 
 filed a
 
 Bivens
 
 action against prison officials, which the District Court in the Eastern District of California dismissed with prejudice for "failure to state a
 
 Bivens
 
 claim upon which relief may be granted."
 
 [26]
 
 Accordingly, we conclude that both
 
 Brown I
 
 and
 
 Brown II
 
 qualify as strikes under § 1915(g).
 

 Given that Brown has two strikes from
 
 Brown I
 
 and
 
 Brown II
 
 , our decision on his IFP motions hinges on whether
 
 Profitt
 
 constitutes a third strike. We conclude that it does not. In
 
 Profitt,
 
 Brown filed a request to proceed without prepaying the filing fees to which he attached a complaint. The Central District of California noted that the complaint was "lodged" and was "sought to be filed" by Brown.
 
 [27]
 
 Ultimately, the District Court denied Brown's request to proceed without prepayment of fees using a form entitled "Order Re Leave to File Action Without Prepayment of Full Filing Fee," which was signed by both the Magistrate Judge and the District Judge. On the form, the Magistrate Judge briefly explained Brown's claim and then stated that Brown had "failed to state a valid claim in two attempts. This matter will be closed."
 
 [28]
 
 Additionally, the Magistrate Judge checked boxes indicating that Brown's application was being denied because of "failure to state a claim," that "[l]eave to amend would be futile," and that the denial might constitute a strike for the purposes of § 1915(g).
 
 [29]
 
 Thus, the matter was closed, and Brown's complaint was never actually filed with the District Court.
 

 As § 1915(g) explains, a prisoner cannot proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
 
 brought
 
 an action or appeal" that was dismissed because it was malicious or frivolous or because it failed to state a claim.
 
 [30]
 
 We know then that in order for a dismissal to qualify as a strike, the action must have been "brought." Accordingly, the question we must answer is whether
 
 Profitt
 
 was an action that was "brought" even though Brown's complaint was never filed.
 

 In
 
 Gibbs v. Ryan
 
 , we clarified that "[i]n the context of filing a civil action, 'bring' ordinarily refers to the 'initiation of legal proceedings in a suit.' "
 
 [31]
 
 We therefore equated a complaint being filed with an action being brought, explaining that "[Gibbs'] complaint was filed, and his action was 'brought' when his motion to proceed
 
 in forma pauperis
 
 was granted."
 
 [32]
 

 We have continuously followed this principle, and we reiterate it now.
 
 [33]
 
 In order for an action to be "brought" under § 1915(g), a litigant's complaint must be filed with the District Court. A complaint, however, cannot be filed until the litigant has paid the filing fees or until his motion to proceed IFP has been granted. Thus, because Brown's complaint in
 
 Profitt
 
 was never filed, we conclude that
 
 Profitt
 
 was not an action that was "brought" under
 § 1915(g), so it does not constitute a strike.
 

 We recognize that our conclusion would change if we applied the Ninth Circuit's precedent instead of our own. In
 
 O'Neal v. Price
 
 , the Ninth Circuit "conclude[d] that a plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed [IFP] to the court."
 
 [34]
 
 Under such rule,
 
 Profitt
 
 would be an action that was "brought" because Brown submitted both a complaint and a request to proceed without prepayment of fees to the District Court. Given that fact, and the fact that the District Court's form stated that the case was being dismissed for "failure to state a claim," it seems likely that the District Court intended
 
 Profitt
 
 to be a strike. This does not change our analysis, however. As discussed above, we are bound to follow our precedent, which dictates that
 
 Profitt
 
 does not qualify as a strike.
 
 [35]
 

 Because we conclude that Brown has not previously accrued three strikes under § 1915(g), we will grant his motions to proceed IFP on appeal.
 

 III.
 

 Before we turn to the merits of Brown's appeals, we will take this opportunity to clarify the procedure that district courts in our Circuit should use to docket a petitioner's IFP motion and complaint. Specifically, when a district court receives a complaint before a petitioner's motion to proceed IFP has been granted, the court should indicate on the docket that the complaint has been "lodged." Then, if the district court grants the petitioner's IFP motion, it should update the docket with a new entry that indicates that the complaint is "filed." If the district court denies the petitioner's IFP motion, the complaint should remain "lodged" until the petitioner pays the filing fees. We believe that this procedure best comports not only with the statutory text of § 1915, but also with our precedent demonstrating that a complaint cannot be filed until a petitioner's motion to proceed IFP is granted.
 

 IV.
 

 Finally, we will consider the merits of Brown's three appeals. In each case, Brown argues that the District Court improperly denied his motions to proceed IFP. He is correct.
 

 To begin, we note that the Government has conceded that Brown did not have three strikes at the time the District Court first considered his motion to proceed IFP in
 
 Kemmerer
 
 .
 
 [36]
 
 Specifically, the Government explains that the District Court granted Brown's motion (and therefore should have officially filed his complaint) in August 2014, but
 
 Brown II
 
 was not dismissed until November 13, 2014. The District Court then concluded that
 
 Brown II
 
 was a strike when it vacated its grant of Brown's IFP motion in January 2017. Although we have not previously pinpointed the time at which a district court may no longer consider new dismissals to be strikes, we have addressed the issue in the appellate context. In
 
 Millhouse v. Heath
 
 , we explained that we must "look to the date the notice of appeal is filed in assessing whether a dismissal counts as a strike. Strikes accrued after this date simply do not count under § 1915(g)."
 
 [37]
 

 We now extend the
 
 Millhouse
 
 rule to encompass the situation before us here. We conclude that strikes that accrue before the filing of a complaint count under § 1915(g), while strikes that accrue after do not. We believe that this rule makes sense given the language of § 1915(g) itself. Section 1915(g) explicitly states that "[i]n no event shall a prisoner
 
 bring
 
 a civil action" if he has previously accrued three strikes.
 
 [38]
 
 This language makes clear that the critical point from which we must determine a petitioner's number of strikes is when the action is brought-meaning, as we have clarified, when the complaint is filed. In other words, because we have equated "bring" with "file a complaint," § 1915(g) can be read to state that "[i]n no event shall a prisoner [file a complaint in] a civil action" if he has previously accrued three strikes.
 

 Accounting for the rule that only strikes that accrue before the filing of a complaint count under § 1915(g), we agree with the Government that
 
 Brown II
 
 did not qualify as a strike when the District Court vacated its grant of Brown's IFP motion in
 
 Kemmerer
 
 in January 2017. As discussed above, Brown's complaint was filed well before
 
 Brown II
 
 was dismissed. Accordingly, when the District Court reconsidered Brown's motion, Brown had only accrued one strike-
 
 Brown I
 
 . Thus, we will reverse the District Court's denial of Brown's IFP motion and remand
 
 Kemmerer
 
 for further proceedings.
 

 We will also reverse the District Court's denials of Brown's motions in
 
 Sage
 
 and
 
 Dees
 
 . As set forth, the District Court denied Brown's motions because it concluded that he had accrued three prior strikes in
 
 Brown I
 
 ,
 
 Brown II
 
 and
 
 Profitt.
 
 However, as we have explained, Brown has not accrued three strikes because
 
 Profitt
 
 does not qualify as one. We will therefore reverse the District Court and remand the cases.
 
 [39]
 

 V.
 

 For the foregoing reasons, we will grant Brown's motions to proceed IFP on appeal. We will also reverse the District Court's denials of Brown's IFP motions and remand all three of Brown's cases for further proceedings.
 

 28 U.S.C. § 1915
 
 (a).
 

 Id.
 

 at § 1915(g).
 

 D.C. No. 1:14-cv-01520.
 

 D.C. No. 1:16-cv-02477.
 

 Id.
 

 126
 
 .
 

 J.A. 11.
 

 D.C. No. 1:17-cv-00025
 

 J.A. 143.
 

 The District Court had jurisdiction under
 
 28 U.S.C. § 1331
 
 . We have jurisdiction under
 
 28 U.S.C. § 1291
 
 . "We exercise plenary review with respect to the proper interpretation of the [Act] and its three strikes rule."
 
 Millhouse v. Heath
 
 ,
 
 866 F.3d 152
 
 , 156 (3d Cir. 2017) (citation omitted).
 

 Urrutia v. Harrisburg Cty. Police Dep't
 
 ,
 
 91 F.3d 451
 
 , 455 n.4 (3d Cir. 1996).
 

 Id
 
 . ;
 
 Roman v. Jeffes
 
 ,
 
 904 F.2d 192
 
 , 194 n.1 (3d Cir. 1990) ;
 
 28 U.S.C. § 1915
 
 (e).
 

 28 U.S.C. § 1915
 
 (g).
 

 It is worth noting that neither party argues that there are cases aside from the three discussed by the District Court that could also be considered strikes. We, too, are unaware of any other cases that should be analyzed.
 

 See, e.g.
 
 ,
 
 Hassen v. Gov't of Virgin Islands
 
 ,
 
 861 F.3d 108
 
 , 114 n.5 (3d Cir. 2017) ("[A] panel of this court is bound to follow the holdings of published opinions of prior panels of this court." (quoting
 
 Nationwide Ins. v. Patterson
 
 ,
 
 953 F.2d 44
 
 , 46 (3d Cir. 1991) ));
 
 U.S. v. Franz
 
 ,
 
 772 F.3d 134
 
 , 144 n.8 (3d Cir. 2014) ("[S]itting as a panel of this Court, we cannot overrule prior precedent.").
 

 See, e.g.
 
 ,
 
 Valspar Corp. v. E.I. Du Pont Nemours and Co.
 
 ,
 
 873 F.3d 185
 
 , 203 (3d Cir. 2017) (explaining that the District Court was bound by Third Circuit precedent).
 

 Instead, the parties seemed to agree at oral argument that we should apply our own law in this case. Prior to oral argument, we specifically asked the parties to be prepared to discuss which Circuit's law should be applied. Ultimately, however, neither party argued that we should look to the Ninth Circuit's law.
 

 Although they have not explicitly addressed the issue, other Circuits have applied their own law when dealing with strikes from other courts.
 
 See, e.g.
 
 ,
 
 Hafed v. Fed. Bureau of Prisons
 
 ,
 
 635 F.3d 1172
 
 , 1177-80 (10th Cir. 2011) (using Tenth Circuit precedent to determine whether cases from courts in the Seventh Circuit were strikes);
 
 Thompson v. Drug Enforcement Admin.
 
 ,
 
 492 F.3d 428
 
 , 431-40 (D.C. Cir. 2007) (considering cases from courts in the Eighth and Eleventh Circuits without discussing the precedents of those Circuits).
 

 At oral argument, Brown's counsel explicitly conceded that
 
 Brown I
 
 and
 
 Brown II
 
 qualify as strikes. In addition, Brown did not argue in his briefs that
 
 Brown I
 
 and
 
 Brown II
 
 are not strikes. Instead, he focused his argument on whether
 
 Profitt
 
 is a strike
 
 .
 

 715 F.3d 117
 
 , 124 (3d Cir. 2013).
 

 Id.
 

 at 126
 
 .
 

 Millhouse
 
 ,
 
 866 F.3d at 161
 
 .
 

 Brown v. United States
 
 , No. 1:11-CV-01562-MJS,
 
 2013 WL 2421777
 
 , at *1 (E.D. Cal. June 3, 2013).
 

 Id.
 
 at *6.
 

 Id.
 

 Brown v. U.S.
 
 , No. 1:12-CV-00165-AWI-GSA (E.D. Cal. Mar. 30, 2012) (order granting motion to proceed IFP).
 

 Brown v. U.S.
 
 , No. 1:12-CV-00165-AWI-GSA, slip op. at 2 (E.D. Cal. Nov. 13, 2014).
 

 Id.
 
 61.
 

 Id.
 

 Id.
 

 28 U.S.C. § 1915
 
 (g) (emphasis added).
 

 160 F.3d 160
 
 , 162 (3d Cir. 1998) (citing
 
 Black's Law Dictionary
 
 192 (6th ed. 1990) ).
 

 Id.
 

 See, e.g.
 
 ,
 
 Millhouse
 
 ,
 
 866 F.3d at 158-59
 
 ("[W]e have indicated that, when a litigant submits a complaint with an IFP motion, the complaint is duly filed after the motion to proceed IFP is granted.");
 
 Urrutia
 
 ,
 
 91 F.3d at
 
 458 n.13 ("[S]ubmitting an
 
 in forma pauperis
 
 complaint to the clerk does not result in commencement of the litigation.").
 

 531 F.3d 1146
 
 , 1152 (9th Cir. 2008).
 

 Although counsel for the appellees tried to assert at oral argument that we had adopted the conclusion from
 
 O'Neal
 
 , that is not the case. While we have discussed
 
 O'Neal
 
 's holding, we have never stated that we would follow it ourselves. To the contrary, our precedent directly contradicts the Ninth Circuit's policy in
 
 O'Neal
 
 .
 
 See
 

 Millhouse
 
 ,
 
 866 F.3d at 158-160
 
 (discussing our rule and
 
 O'Neal
 
 ).
 

 Appellees' Br. 22.
 

 Millhouse
 
 ,
 
 866 F.3d at 161
 
 .
 

 28 U.S.C. § 1915
 
 (g) (emphasis added).
 

 Because we reverse the District Court's denials based on the number of strikes Brown has accrued, we need not discuss any of Brown's arguments regarding the Act's imminent danger exception.