NOT PRECEDENTIAL

**CLD-072**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1195
_____

JOHN BUTLER,
Appellant

v.

MAJOR KANJORSKI, SCI-Mahanoy;
KELLY, SCI-Mahanoy Mailroom Employee;
SHUETTLER, SCI-Mahanoy Librarian;
JANE DOE, works in inmate accounts at SCI-Mahanoy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-01905)
District Judge:  Honorable Joseph F. Saporito, Jr.
_____

Submitted on Appellant's Motions to Reopen and Proceed In Forma Pauperis,
and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on January 22, 2026

Before: BIBAS, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2026)
_____

_____

OPINION<sup>*</sup>

_____

PER CURIAM

John Butler, a prisoner at SCI-Mahoney, sought to file a complaint in forma pauperis ("IFP") in the District Court. He alleged that, while he was in the Restricted Housing Unit ("RHU"), he needed to file a response to meet a deadline in *Butler v. Pierson*, W.D. Pa. No. 1:22-cv-00091. Accordingly, he wished to visit the law library and to obtain his legal materials from his property held elsewhere in the prison. He learned then that the RHU library did not have any law books; he was told that he had to use the computer there instead. Butler told a corrections officer that he did not know how to use the computer. The officer communicated Butler's concern to the librarian and told Butler the librarian's response: "He better learn!" ECF No. 1 at 2. Butler's subsequent request for training was denied. Butler had to argue his case orally in the District Court without having consulted his own documents or any other legal materials, and the District Court granted summary judgment in favor of the defendants. Additionally, Butler alleged that, at the time he filed his complaint, he wanted to respond to a motion to dismiss filed in *Butler v. Harry*, W.D. Pa. No. 1:24-cv-00079, but he was still not able to access his legal property or law books. Butler sought preliminary and other injunctive relief.

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The District Court granted Butler's IFP application and screened his complaint under 28 U.S.C. § 1915A and § 1915(e). After screening, the District Court dismissed Butler's complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and denied Butler's requests for injunctive relief. The District Court also provided Butler leave to amend within 30 days of the order of dismissal. In doing so, the District Court notified him that if he did not file an amended complaint within that time frame, the case would be dismissed. Butler did not file an amended complaint. Because the complaint had not stated a claim for relief and Butler had not amended his original filing, the District Court entered another order dismissing the action under § 1915(e)(2)(B)(ii) and closing the case. Butler filed a timely notice of appeal, noting therein that he chose not to amend his complaint because he is standing on his original allegations.

Because Butler did not pay the filing and docketing fees or file an IFP application, the Clerk entered an order dismissing his appeal for failure to prosecute. Butler subsequently filed a motion for leave to file a motion to reopen this appeal and a motion to reopen this appeal. He explained why the Court had not received the IFP documents previously. He also submitted an IFP application. We deny his motion for leave to file a motion to reopen as unnecessary, and we grant his motion to reopen, *see* 3d Cir. L.A.R. Misc. 107.2(a), and his IFP application, *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal order.[2] *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Butler's complaint implicated the right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996); *Bounds v. Smith*, 430 U.S. 817, 818, 828 (1977). But Butler did not state a claim for a violation of the right of access. An inmate raising an access-to-the-courts claim must allege that he lost a chance to pursue a nonfrivolous or

---

[1] The District Court did not specify whether its later order was with or without prejudice. However, under the circumstances, it appears clear that the District Court intended a dismissal with prejudice. *See Millhouse v. Heath*, 866 F.3d 152, 162 (3d Cir. 2017) ("An unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words 'with prejudice' to modify such a dismissal is simply not necessary.") (citation omitted), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). (Even if the final dismissal had been without prejudice, we would still have jurisdiction because Butler has made it clear that he wishes to stand on his complaint. *See Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).) Although we review the dismissal order, we will not review the denial of preliminary injunctive relief, because this appeal is moot to the extent that Butler challenges that ruling. *See Hankins v. Temple Univ.*, 829 F.2d 437, 438 n.1 (3d Cir. 1987).

[2] The dismissal order reads, in part, like a dismissal for failure to prosecute because it turned not only on the failure to state a claim in the original complaint, but also on Butler's failure to amend. Ordinarily, we review dismissals for failure to prosecute for abuse of discretion. *See Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008). And, usually, we require District Courts to consider various factors before dismissing an action for failure to prosecute. *See id.* at 258 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). However, here, the District Court reviewed the initial complaint on the merits and notified Butler that his complaint was subject to dismissal if he did not file an amended complaint within the time provided. Essentially, the District Court rendered final its earlier dismissal for failure to state a claim. And our review remains plenary.

4

arguable claim challenging his conviction or conditions of confinement. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam). In pleading an access-to-the-courts claim, an inmate must state, inter alia, the underlying claim in accordance with Rule 8 of the Federal Rules of Civil Procedure, "just as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 417 (2002). "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205-06 (quoting *Harbury*, 536 U.S. at 416-17). Butler failed to include these necessary allegations. And he chose not to amend his complaint after the District Court explained that these allegations were required.

For these reasons, after denying Butler's motion for leave to file a motion to reopen as unnecessary, reopening this appeal on his motion to reopen, and granting IFP status to Butler,[3] we will affirm the District Court's judgment.

---

[3] Because Butler is a prisoner, the grant of IFP status will allow him to proceed without prepayment of the fees, but he will still be required to pay the full amount of the filing and docketing fees in installments. *See* 28 U.S.C. § 1915(a)(1) & (b)(1). The warden or his or her designee shall assess an initial fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the District Court for the Middle District of Pennsylvania. In each succeeding month when the amount in the prisoner's account exceeds $10, the warden, or his or her designee, shall forward payments to the Clerk of the District Court for the Middle District of the Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid. Each payment shall reference the appellate docket number for this appeal. The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.